No. 98.—JOHN W. MURPHY, plaintiff in error, *vs.* JOHN S. WINTER & Co. defendants in error.

[1.] [2.] A citizen of another State, passing through this, may be sued in this, and in any county of this State in which he may happen to be at the time when sued.

[3.] M made a bail affidavit for J S W & Co. in which he stated himself to be their agent. They filed their declaration in their own names, by their Attorney, and founded it on that affidavit: *Held*, that this was evidence that they had authorized M to make the affidavit.

Murphy *vs.* Winter & Co.

Debt and bail, in Troup Superior Court. Tried before Judge BULL, May Term, 1855.

This was an action of debt and bail, brought by J. S. Winter & Co. against John W. Murphy, on a due bill for $800.

At the trial on the appeal, Counsel for defendant moved the Court for a continuance, to allow him to file a plea to the jurisdiction of the Court, stating that the defendant resided in the State of Alabama, and was merely passing through Troup County when he was sued ; that he did not know the reason of the absence of the defendant from Court; and that he had expected him to be present.  The Court refused the continuance, and Counsel for defendant excepted.

Counsel for defendant then moved the Court to dismiss the bail, on the ground that the affidavit, to hold to bail, had been made by one Michaeloffsky, as agent for plaintiffs, he furnishing no other evidence of his agency for plaintiffs but his own declarations in the affidavit ; and stating therein, "that one John W. Murphy, who, as deponent is advised and believes, is now (when the oath was taken) of the County of Troup, and owes plaintiffs the amount sued for, besides interest, which said amount is claimed to be due," &c.

The Court over-ruled the motion, and Counsel for defendant excepted, and upon these exceptions errors have been assigned.

BIGHAM, for plaintiff in error.

B. H. HILL, for defendants in error.

*By the Court.*—BENNING, J. delivering the opinion.

Can a citizen of Alabama be sued in this State, as he passes through it ?

[1.] Undoubtedly he can.  The second of the axioms of *Huberus,* as translated by *Story,* is: " that all persons who

are found within the limits of a government, whether their residence is permanent or temporary, are to be deemed subjects thereof." (*Stor. Conf. Laws*, §29, *Note* 3.)

[2.] If he is liable to suit in the State, what county is it in which the suit is to be brought? That county in which he resides at the time when the suit is brought. And a citizen of another State, who is merely passing through this, resides, as he passes, wherever he is. Let him be sued, therefore, wherever he may, he will be sued where he resides.

The plaintiff in error, although a citizen of Alabama, was passing through the County of Troup, in this State, and whilst doing so, he was sued in Troup. He was liable to be sued in this State, and in Troup County of this State.

The plea, then, if it had been put in, would have been worthless. Of course, therefore, the Court was right in refusing a continuance, asked for to enable the defendant to prove such a plea.

The motion to dismiss the bail was put upon the ground, that the affidavit was made by Michaeloffsky, as agent of the plaintiffs, and that there was no evidence to show him to be such agent, except his own statement to that effect, in the affidavit.

There was, however, other evidence. The suit itself was that evidence. The suit was the suit of the plaintiffs themselves, by their Attorney at law, and it was founded on the bail proceeding. It, therefore, was a thing from which a strong inference was to be drawn, that they had authorized the bail proceeding.

[3.] In the face of such an inference, with nothing to rebut it, the Court was right in over-ruling the motion to dismiss the bail.