76  769
87  209
76  769
118  270

## Yon vs. Baldwin.

Where two judgments were rendered in a justice's court for $81.85 and $76.80, respectively, and the executions issued on them were each levied on different mules, and the same person interposed a claim to both the mules levied on, embracing both in one claim affidavit and bond, and neither the value of the property levied on nor the amount of the debt in controversy was within the jurisdiction of the justice's court, the justice had no power to try such a, claim case. If he did so, his judgment was a mere nullity; nor was it rendered valid by the fact that the case was appealed to the superior court and the appeal was dismissed. Therefore, if a second claim was interposed, the void judgment of the justice did not make the case *res adjudicata*.

(*a*.) Consent of parties for a justice to try a case beyond his jurisdiction could not confer on him jurisdiction to do so; nor could such a void proceeding operate as an estoppel upon the parties.

April 27; 1886.

Justice Courts. Jurisdiction. Judgments. Nullities. Estoppel. *Res Adjudicata*. Before Judge CLARKE. Randolph Superior Court. November Term, 1885.

Reported in the decision.

W. C. WORRILL, by J. H. LUMPKIN, for plaintiff in error.

A. HOOD, by brief, for defendant.

HALL, Justice.

Upon an agreed state of facts, the court determined that the matter in issue between the plaintiff in execution and the claimant was *res adjudicata*. Whether this determination was correct or otherwise depends entirely upon the authority of the justice's court to render the judgment

v 76-49

which is now set up in bar to the claimant's right. Two judgments were rendered in that court in favor of the plaintiff and against the defendant: one was for the sum of $81.83, the other for $76.80; on each judgment an execution issued, and each of these executions were levied on different mules; both mules were claimed by the same party, and were embraced in one claim affidavit and bond. Neither the property levied on was in value, nor the amount of the debt in controversy, when aggregated, was within the jurisdiction of the justice's court, but exceeded it by more than fifty dollars. It is now insisted that this excess in amount over and above the jurisdiction of that court rendered the justice's judgment void, and that such judgment was not made valid by the appeal taken to the superior court, where it seems to have been dismissed; that the jurisdiction of the latter court was appellate and not original, and in this respect was regulated and controlled by that of the former; in short that, *quoad hoc*, the jurisdiction of the superior court was the jurisdiction only of the justice's court, and that there was no valid judgment from which an appeal could be taken, and therefore the proceeding in both courts was a mere nullity. This position, in whole as well as in all its parts, appears to us to be sound and impregnable, and to be fully sustained by authority. It is scarcely necessary to remark that consent of parties could confer no jurisdiction in a case not only not provided for, but forbidden by the law. Neither do we perceive how a void proceeding can be made to operate as an estoppel.

Judgment reversed.