## STEVENS *v.* NISBET.

The city court of Macon has no more power with respect to enforcing the payment of costs than has been conferred by law upon the superior courts. Consequently the city court has no power to order the payment of costs which have accrued upon a pending *scire facias* brought to enforce the forfeiture of a recognizance, upon pain of imprisonment and as a condition precedent to trying the party on a pending indictment for the offence touching which the recognizance was given; and money paid to the clerk under compulsion of such order and threat of imprisonment may be recovered back by rule against the clerk. The passing of the order not being a mere error in the exercise of jurisdiction, but wholly *dehors* the jurisdiction of the court, the failure to except to it and obtain a judgment of reversal is no bar to the rule.

February 15, 1892.                    *Judgment reversed.*

Courts. Costs. Jurisdiction. Practice. Before Judge Ross. City court of Macon. June term, 1891.

At the March term, 1890, of the city court, a *scire facias* was issued against Stevens and the surety on his recognizance, requiring them to show cause at the next June term why their bond should not be forfeited. At that term Stevens answered, showing that the accusation of receiving stolen goods, to answer which the bond was given, was fatally defective, and that no conviction could be had on it. For said defect a *nolle prosequi* was entered, and when the *scire facias* was called in its order it was dismissed for want of prosecution. At the same term when the case of the State *v.* Stevens was called for trial, the court refused to allow him to go to trial until the costs of the *scire facias* were paid. By order of the court he was arrested and placed in the prisoner's dock, and was notified that if said costs were not then and there paid the jury would be discharged and he be remanded to jail; whereupon he paid the costs to Nisbet, the clerk, under protest. At the next September term, Stevens petitioned for a rule *nisi* against Nisbet, clerk, calling on him to show cause why these costs should not be refunded. Nisbet demurred on the ground that the remedy, if any, was by exception to the ruling of the judge in ordering the payment of the costs, and not by rule against the clerk. The demurrer was sustained, and Stevens excepted.

JOHN WALTER ROBISON, for plaintiff.
No appearance for defendant.