## WESTBROOK *v.* HARRISON.

*Atkinson, J.*—1. According to the decision of this court in *Reese* v. *Walker,* 89 *Ga.* 72, an affidavit for obtaining a distress warrant, made by an attorney at law of the plaintiff, in which the affiant deposed "to the best of his knowledge and belief" that the rent claimed was due, was amendable so as to make the affidavit as to this matter positive.

2. The amendment to the affidavit having been rightly allowed, it was of course proper to allow the distress warrant to be amended so as to make the same conform to the affidavit.

November 16, 1896.  Argued at the last term.        *Judgment affirmed.*

Distress warrant. Before Judge Fish. Macon superior court. November term, 1895.

A distress warrant in favor of John Harrison against Tony Westbrook was met by a counter-affidavit that the sum distrained for was not due. Upon the trial defendant moved to quash the distress warrant, upon the ground that it was issued upon an affidavit of H. C. McKenzie, attorney at law for John Harrison, who swore that to the best of his knowledge and belief Westbrook was indebted to Harrison $188 for rent of land and $50 for the rent of two mules, and that said rent is due and unpaid. Plaintiff's counsel offered to amend the affidavit by striking therefrom that the allegations thereof were true to the best of the knowledge and belief of affiant, and making the affidavit positive. This amendment was allowed over defendant's objection, and the motion to quash was overruled. Plaintiff offered in evidence the distress warrant. Defendant objected, because it did not follow the affidavit upon which it was claimed to be based, the warrant reciting the fact that John Harrison had made oath. Thereupon plaintiff amended the distress warrant by inserting therein the name of H. C. McKenzie, attorney at law for John Harrison, which amendment was allowed over the objection of defendant, and the court then overruled the objection to the warrant and admitted it in evidence. To each of the rulings stated the defendant excepted.

*Gustin, Guerry & Hall,* for plaintiff in error.
*H. C. McKenzie & Son* and *Edwards & Greer,* contra.