### WHITE et al. *v.* NORTH GEORGIA ELECTRIC COMPANY et al.

BECK, J.  1. Under the constitution an equity case must be tried in the county of the residence of a defendant against whom substantial relief is prayed.  Civil Code, § 6540.

2. Where an equitable action was brought against three defendants, two

of whom were alleged to be residents of the county of the venue and the third a resident of another county of this State, and where the last-named defendant pleaded to the jurisdiction and showed that neither of her codefendants resided in the county where the suit was brought, but one of them resided in another county of this State and the other was a non-resident of the State, her plea to the jurisdiction should have been sustained.

3. Parties defendant to an equitable action in the superior court, who appear and plead to the merits without excepting to the jurisdiction, thereby waive any objection to the jurisdiction of the person, so far as they are concerned; but they can not waive it to the prejudice of third parties. Civil Code, § 5663.

4. If one party to an equitable action whose plea to the jurisdiction is sustained can be eliminated therefrom and the cause can proceed so as to grant complete relief with the remaining parties before the court, the dismissal of the action as to such party will not necessitate its dismissal in toto.

(a) In the present case the sustaining of the plea to the jurisdiction filed by one of the parties would have prevented granting any equitable relief so far as she was concerned, and to that extent the case would fall. But the substantial cause of action was between the remaining parties. The facts of this case did not make one in which both parties claimed under a common grantor. Under the evidence a verdict in favor of the plaintiff against the defendants other than the party who pleaded to the jurisdiction, and for the relief sought other than that which depended on her presence, was fully supported.

5. While there may have been some inaccuracies in the charge, under the evidence there was nothing which should require a reversal as to the two defendants over whom the court had jurisdiction.

6. Although the presiding judge erred in retaining the defendant who pleaded to the jurisdiction, the verdict and decree are separable, so that the relief granted as to her can be stricken therefrom without affecting them as to other parties. This litigation has been pending for many years. As to the parties other than the one who filed the plea to the jurisdiction, it has reached a proper conclusion, and the litigation should not be longer continued because of the error of retaining such party in the case, it not being essential to the determination of the substantial issues between the other parties and not having affected their rights. Accordingly, this court gives direction that the verdict and decree be so modified as to eliminate therefrom the grant of any relief as against such party, including the cancellation of a deed executed by such party and injunction affecting her; that her plea to the jurisdiction be sustained and she be stricken from the record as a party; and that in other respects the verdict and decree stand affirmed.

*Judgment affirmed, with direction.    All the Justices concur.*

MARCH 1, 1913.

Equitable petition. Before Judge Jones. Rabun superior court. January 6, 1912.

*Brown, Randolph, Parker & Scott* and *Spencer R. Atkinson,* for plaintiffs in error. *H. H. Dean,* contra.