### 5507. EVANS *v.* ALLGOOD, executor.

A quarterly term of the city court of Monroe has no jurisdiction of suits upon unconditional contracts in writing involving less than $200, except where, in a suit brought to a monthly term, the defendant files a plea and demands a trial by jury.

DECIDED FEBRUARY 18, 1915.

Complaint; from city court of Monroe—Judge Stone. January 24, 1914.

*Walker & Roberts,* for plaintiff in error.

*Ben. J. Edwards,* contra.

RUSSELL, C. J. The present writ or error raises the single question whether the city court of Monroe, at its quarterly terms, has original jurisdiction of suits upon unconditional contracts in writing involving less than $200. The act provides for the trial of civil business at the quarterly terms of the court, where, in a suit involving less than $200, the defendant files a plea and demands a trial by jury; but the question here presented is whether the act allows the plaintiff an option in the first instance to bring a suit to the quarterly term in a case involving an amount less than $200. In the present case the suit was brought to the quarterly term. The amount involved was less than $100. At the appearance term of the January quarterly term, to which the action was returnable, the defendant filed a demurrer setting up that the court at a quarterly term was without jurisdiction to try the case upon its merits and render judgment. The court sustained the demurrer and dismissed the suit.

We are of the opinion that the court ruled correctly. The city court of Monroe was created by a legislative enactment of 1905 (Acts 1905 p. 303), and the act establishing the court has been twice amended. Acts 1906, p. 270; Acts 1913, p. 269. The amendments contained in the act of 1913, supra, do not appear to be

material to the question now before us, the only reference therein to the terms of the court being a change in the time of holding the quarterly terms, from the first Mondays in January, April, July, and October, to the third Mondays in the same months, and a provision that the court may enter judgment at the first or appearance term of any quarterly session, where no plea is filed or the plea filed is stricken or withdrawn. The latter amendment, however, marks a slight difference between the procedure in the monthly and quarterly terms when a defendant has no defense, which will be referred to later. In the act of 1905, supra (section 10), it is provided that "the terms of said city court shall be monthly and quarterly, the monthly terms for the trial and disposition of criminal business to be held on the second Monday in each month, and the quarterly terms for trial and disposition of either or both criminal and civil business to be held on the first Mondays of January, April, July, and October." Section 39 provides that "the first term of said court to which a civil case is brought shall be the appearance or return term, the second shall be the trial or judgment term, and all the laws, rules, and practices in said court with reference to the terms thereof and the continuance, pleadings, and trial of causes therein, shall be the same as in the superior court, unless otherwise provided in this act." Section 10 was amended by the act of 1906, supra, so that "the terms of said city court shall be monthly and quarterly, the monthly terms for the trial and disposition of criminal business, and the trial of civil business, both actions ex contractu and ex delicto, when the principal sum claimed, or the principal sum in judgment, is not over $200 (provided no jury is demanded in such civil cases), to be held on the second Monday in each month, and quarterly terms for the trial and disposition of either or both criminal and civil business, to be held on the first Mondays in January, April, July, and October." An amendment contained in section 3 of the act of 1906 provided that if the issue in a claim case "be based on a judgment obtained at a monthly term of said court, such issue may be tried at the next monthly term of said court, sitting fifteen days after the claim or other issue is filed, by the court, provided no jury is demanded in said case," etc. Section 4 of the act of 1906 amended section 39 of the act of 1905, supra, by a proviso creating a distinction between suits brought to a quarterly term

and those brought to a monthly term, in that, under the proviso, instead of the first term being the appearance term, and the second term the trial or judgment term, for all cases of a civil nature, the provisions of the act of 1905 in that respect do not apply to civil cases returnable to the monthly sessions of the city court. If a plea is filed and a jury demanded, the act provides that the case will stand for trial at the next quarterly term, as in other civil cases, but where the case is brought to the monthly term, "if no plea is filed, or a plea is filed and no jury demanded, such case will stand for trial and judgment at the return or first term of said court, with the same right of continuance as in other civil cases in said court." Section 5 of the act of 1906 further amended the provisions of the act of 1905, so far as the same related to causes returnable to the monthly sessions of the court, by fixing the costs of the clerk and sheriff in cases cognizable by the city court at one half the amount allowed in cases returnable to the quarterly terms. We have referred to these various enactments because we think they indicate a fixed and definite intention on the part of the General Assembly to so define the jurisdiction of the city court of Monroe as to civil cases as to create a distinct difference between the scope of the court's jurisdiction (as to amount) at the quarterly and the monthly terms, thereby, by necessary implication, restricting the operation of its jurisdiction, so far as civil cases involving less than $200 is concerned, to the monthly terms of that court. In other words, it appears to us that it was the intention of the General Assembly to give to the city court at its monthly term exclusive jurisdiction of amounts involving less than $200, and to take from the quarterly term the jurisdiction as to such cases which it had previously exercised; and that while the General Assembly has not made an express declaration to that effect, it is reasonably and naturally implied in the amendments to which we have referred.

It is true that in *McIntosh* v. *Patton*, 12 *Ga. App.* 305 (77 S. E. 6), only two Judges presiding, it is said that "The city court of Monroe has jurisdiction to try at the quarterly session of the court all civil cases of whatever nature where the amount claimed or involved, inclusive of interest, is as much as fifty dollars, except where, under the constitution, exclusive jurisdiction is given to the superior court." This is a dictum upon the very point, but the

point is now for the first time so presented to this court as to give the court jurisdiction to consider the matter. What was said in that case not only was not the opinion of a full bench, but it plainly appears that in the overwhelming mass of business with which this court is burdened the court overlooked the fact that the point was not before it for adjudication. It appears, from the statement of facts in that case (p. 308), as well as from an examination of the original record, that it was in a motion for a new trial that the plaintiff in error attempted to raise the point now before us. So far as appears from an examination of the record, the point was never raised until after judgment. "A motion for a new trial is not an appropriate remedy to contest the jurisdiction of the court." 29 Cyc. 759; *Heery* v. *Burkhalter,* 113 *Ga.* 1043 (39 S. E. 406); *Hawkins* v. *Chambliss,* 120 *Ga.* 614 (2), 616 (48 S. E. 169). In the latter case it was held: "Want of jurisdiction can not properly be made a ground for a motion for a new trial, when no question of jurisdiction was raised before verdict;" and in the second division of the opinion the court said: "One ground of the motion for a new trial sets up that the verdict should be set aside and a new trial granted, because the city court of Americus had no jurisdiction to try the case. This is not a proper ground of a motion for a new trial. If the court has no jurisdiction of the case, a judgment should not be rendered granting a new trial to be had on the merits in that court, which would be the effect of sustaining the motion. We will therefore not pass upon the question sought to be raised on this ground. If the court's want of jurisdiction was of such a character that it could not be waived by anything done by the parties, then the judgment would be void, and could be attacked at any time and at any place by any one whose rights were sought to be affected thereby. On the other hand, if the want of jurisdiction was of such a character that the conduct of the parties could waive it, then it has been waived by the defendant's going to trial and submitting to the jurisdiction of the court, and the question can not be raised for the first time, after verdict, in a motion for a new trial. On the question of jurisdiction see *Stephenson* v. *Warren,* 119 *Ga.* 504" (46 S. E. 647). So it is very clear that in the case of *McIntosh* v. *Patton,* supra, this court was not authorized to rule upon the question now presented, though the judgment rendered by the majority of the court in that

case, upon the grounds properly before it, was obviously correct, and doubtless the fact that the court was not authorized to adjudicate this question was overlooked. It seems clear to us, from the fact that the General Assembly in the original act confined the jurisdiction of the court at its monthly term to criminal cases only, and thereafter by amendment gave the monthly terms of the court jurisdiction of all civil cases involving an amount less than $200, that one purpose of the amendment was to relieve the quarterly terms of the court of an excess of business therein, and another to effect an economy by reducing the expenses incident to the per diem of jurors, and a third, perhaps, to provide for the more speedy disposition of those civil cases involving only small amounts. It is also apparent that another purpose in the mind of the legislature was to make the expense of litigation, in cases involving small amounts, less at the monthly terms than at the quarterly terms, in the interest of parties litigant, where the amount involved is less than $200. This intention is indicated by the provision that the costs in cases where the amount involved is less than $200 shall be one half the amount allowed clerks and sheriffs for similar services at the quarterly terms, the costs at both terms having been originally the same as the fees allowed in the superior court. It is clear, from the precise language employed in the classification of cases in section 5, that it was the intention of the General Assembly that cases involving less than $200 should be brought only to the monthly terms, for the language used is as follows: "That the clerk and sheriff of said court shall receive, as compensation for their services rendered, in civil cases returnable to monthly sessions of said city court only, one half the costs for all services rendered in such cases that they would get in superior court," etc. If the legislature had not intended, by the amendment of section 1 of the act of 1906, to require all cases involving less than $200 to be returned to the monthly terms of the city court only, they would have said that the clerk and the sheriff should receive only one half the costs, for all services rendered in civil cases returnable to the monthly sessions of the city court, that they would get in the superior court, or if they had used exactly the same words which are employed in the amending section, they would have said that "in civil cases returnable to the monthly sessions of said city court" they shall receive "only one half the costs for all services rendered,"

etc. In further support of this view, we may say that it is certainly obvious that the General Assembly intended to make a difference in the costs between cases involving less than $200 and cases where the amount exceeded $200, and yet if a plaintiff can merely at his option bring a suit upon a note involving $74 to the quarterly term of the court, the provisions as to costs in that case can not apply, and the plaintiff, if he recovers, could recover full costs, and thereby compel the defendant to pay double the amount of the costs that he would have paid if the plaintiff had pursued his remedy at the monthly term, because in the act there is no provision similar to the statute which, in superior courts, allows only the recovery of justice's court costs where the amount in suit is within the jurisdiction of a justice's court. We do not think it could have been the intention of the General Assembly, in attempting to alleviate the burdens of debtors owing only small amounts, to leave the execution of this beneficial provision to the option of creditors. It is to be noted that the act provides for sixteen terms of the city court of Monroe in each year; and therefore the legislature very thoroughly understood that in amounts less than $200 there would be no difficulty on the part of any creditor in obtaining a speedy adjudication of his claim against a delinquent debtor, and yet if these small claims were brought to the quarterly terms, which had jurisdiction of civil cases without limit in amount, involving all forms of actions other than those in which the superior court has exclusive jurisdiction, the quarterly terms might be clogged. The argument is made in the brief that there are not two city courts of Monroe, but only one, and to this we agree, but we see no difficulty in the way of the legislature's fixing the terms or classifying the cases so as to deprive the court of authority except at the terms designated to exercise all of the jurisdiction conferred upon it by the legislative enactment. By the same argument it might be contended that a plaintiff having a demand amounting to $10,000 is improperly debarred from proceeding in the monthly term. It was certainly as much within the power of the legislature, if it so intended, to prescribe that civil cases involving less than $200 should be returned exclusively for trial at monthly terms of the court unless a plea was filed and a jury demanded, as it was to declare that the quarterly terms should have exclusive jurisdiction of cases involving amounts exceeding $200. We think this

was the legislative intent, and, for that reason, that the court properly sustained the demurrer.

*Judgment affirmed. Broyles, J., not presiding.*