6236.   KIMBALL COMPANY v. ROGERS.

1. The city court of Statesboro at its monthly terms is without jurisdiction to try the issue raised by the filing of a counter-affidavit to a distress warrant, where the amount claimed exceeds one hundred dollars; and a distress warrant returnable to a monthly term of that court, unless amended so as to confer jurisdiction, can not be legally tried at a quarterly term. There was no offer to amend, and, since the want of jurisdiction appeared upon the face of the warrant, the demurrer raising that point should have been sustained, regardless of the fact that the filing of the counter-affidavit made the distress warrant mesne process.

2. In view of the error in the rulings upon the demurrer, the subsequent proceedings were nugatory.
                                    DECIDED FEBRUARY 3, 1916.

Distraint; from city court of Statesboro—Judge Strange.   December 4, 1914.

*Francis B. Hunter, J. J. E. Anderson,* for plaintiff in error.

*Fred. T. Lanier,* contra.

RUSSELL, C. J.   Rogers swore out a distress warrant against W. W. Kimball Company for $153, alleging that amount to be due him for rent. The affidavit made to obtain the distress warrant averred that the defendant was a resident of Bulloch county. The distress warrant was returnable to "the city court of Statesboro, Ga., to be held on the first Wednesday in August, 1914," and was

levied on July 24, 1914, on an organ and a piano as the property of the defendant. On the same day the defendant filed a counter-affidavit and gave bond to replevy the property. The defendant filed also a special demurrer at the August term of the city court, setting up that the distress warrant was void, because it was re-turnable to the August monthly term, and further that it was void because only 16 days intervened between the issuance of the warrant and the opening of the term of court to which it was return-able, instead of 20 days, as required by law. There were other de-murrers, but they are plainly "speaking demurrers," and need not be considered. There was no ruling upon the demurrers at the August term of the city court, and, as appears from the recitals of the bill of exceptions, the case was not sounded upon the docket at that term of the court. At the October quarterly term a hear-ing was had upon the demurrers and they were overruled. The assignment of error upon this ruling constitutes the first exception raised by the record.

We think the court erred in overruling the demurrer. Under the provisions of section 11 of the act creating the city court of Statesboro (Acts 1903, pp. 153, 156), as amended by the act of 1911 (Acts 1911, p. 354) and by the act of 1913 (Acts 1913, p. 289), the monthly terms of the court have no jurisdiction in civil cases in which the principal sum claimed exceeds $100, and juris-diction of suits in which the sum claimed exceeds that amount is reserved to the quarterly terms fixed to be held in January, April, July, and October of each year. It is clear, therefore, that the officer who issued the distress warrant made it returnable to a term of the city court of Statesboro which had no jurisdiction. As final process, and even if no counter-affidavit had been interposed, the warrant might have been amended. But, aside from this ques-tion, it is clear that since the interposition of the counter-affidavit rendered the warrant mesne process, an amendment, setting up the jurisdiction of the court at its quarterly term to pass upon the issue raised by the counter-affidavit, would have been proper. But there was no offer to amend any of the proceedings, and, since the warrant upon its face was returnable to a monthly term, while the amount of rent claimed to be due was plainly in excess of the jurisdiction conferred upon the court at that term, the demurrer, which clearly pointed out the court's want of jurisdic-

tion, should have been sustained. The contention of counsel for defendant in error, that the entering of the case upon the docket of the monthly term was a mistake of the clerk, and could not affect the rights of the parties, does not meet the point raised by the demurrer. It may be conceded that if the complaint of the demurrer went no further than this, it would be without force. If the clerk had entered the warrant upon the docket of the monthly term as returnable to a quarterly term, it would perhaps not be material to any right of either party if the entry on the monthly docket were never transferred to the docket of the quarterly term, but without amendment a warrant expressly returnable to a monthly term would not be triable at a quarterly term, and certainly, where it appeared from the warrant itself that the amount involved exceeded the jurisdiction of the monthly term, it would not be properly returnable to the latter. In this connection see *Evans* v. *Allgood,* 16 *Ga. App.* 24 (84 S. E. 603).

The first effect of returning this distress warrant to the monthly term, as pointed out in the demurrer, was to deprive the defendant of the right to have 20 days in which to demur, plead, or answer as provided by law, in cases where the amount involved exceeds one hundred dollars, and to restrict him to 16 days for this purpose, for judgments upon suits for rent may be rendered at the first term. Civil Code, § 3704. The real question is whether a distress warrant originally returnable to the August monthly term, which had no jurisdiction of the amount involved, could, upon the ipse dixit of the judge, be transferred to the October quarterly term, so as to confer jurisdiction upon the court at the latter term, without an amendment to show that the court had jurisdiction. Upon the filing of the counter-affidavit, the distress warrant issued by a magistrate, in so far as it designated the court to which the warrant was returnable, became process which, if not really void, was at least so defective as to require amendment. After the filing of a counter-affidavit a plaintiff may amend a proceeding by distress warrant (*Cornwell* v. *Leverette,* 127 *Ga.* 163, 56 S. E. 300), as if it were an original petition in a common-law action. And where the process attached to such a petition is defective, it may be amended so as to designate the court to which the distress warrant is returnable, being treated as equivalent to a process to an ordinary suit, under the provisions of

section 5693 of the Civil Code. In the present case it is apparent that if it be said that the quarterly term of the city court had jurisdiction for the reason that it appears from the face of the proceeding that the amount involved is within the jurisdiction of the quarterly term, it must follow that the process required amendment.

It is not necessary to rule upon the point that there was a variance between the affidavit and the proof, in that it was stated in the affidavit that the defendant was a resident of Bulloch county, while the proof showed that the right to distrain rested solely upon the defendant's ownership of personal property within the county subject to levy. The affidavit was amendable under the provisions of section 5706 of the Civil Code, and if the affidavit had been amended to correspond with the proof, the warrant could have been correspondingly amended. Under the ruling in *Westbrook* v. *Harrison*, 99 *Ga.* 660 (26 S. E. 68), a distress warrant is amendable, and it should have been amended in response to the demurrer or should have been dismissed.

It is not necessary to rule upon the remaining assignments of error, because they all relate to errors alleged to have been committed in the course of the trial; and since the court erred in not requiring the amendment, and the court was therefore without jurisdiction, for the failure of an allegation to that effect, the remaining proceedings in the trial were nugatory.

*Judgment reversed.*