*W. W. Dykes,* for S. A.-L. Ry. Co.

---

### BERRY *v.* WATKINS *et al.*

1. A contention that the court was without jurisdiction of the person was precluded by voluntary answer to the merits, without plea to the jurisdiction.

2. A receiver in bankruptcy, with authority to hold and preserve the property as custodian until the appointment of a trustee, is not empowered to sue to set aside a transfer of the bankrupt's property, or to recover property held adversely to the bankrupt.

No. 3903. MAY 14, 1924.

Equitable petition. Before Judge Irwin. Floyd superior court. June 29, 1923.

*Denny & Wright,* for plaintiff.

*McCutchen, Bowden & Gaggstalter, Porter & Mebane,* and *Nathan Harris,* for defendants.

HILL, J. Ike J. Berry filed an equitable petition in Floyd superior court, against J. E. Camp, of Floyd County, John W. Watkins, and his wife, Minnie I. Watkins, of Muscogee County, and alleged, in substance, that John W. Watkins was indebted to the plaintiff in certain sums; that Watkins had executed to his wife deeds conveying certain lands belonging to him, for the purpose of hindering, delaying, and defrauding his creditors; that the lands had been sold subsequently by the wife to J. E. Camp, who was indebted to her for a large portion of the purchase-money, which was about to become due; and that Watkins had filed his petition in bankruptcy, which was pending. The plaintiff prayed for cancellation of the conveyance from Watkins to his wife, and for injunction restraining Camp from paying any of the sums due on the land. Watkins and his wife appeared and filed answers to the merits of the case, and filed no plea to the jurisdiction of

the court. Subsequently the case came on to be heard before the judge of the superior court, when the plaintiff tendered an amendment offering to make the receiver in bankruptcy a party plaintiff in his stead; and at the same time the defendants filed a motion, in the nature of a demurrer, to dismiss the case on the ground that no substantial relief was prayed against Camp, who resided in Floyd County, and consequently that the superior court of that county had no jurisdiction of the case. After hearing evidence the court made an order refusing to allow the proposed amendment, and sustained the motion to dismiss the case on the ground that it appeared from the petition that no substantial relief was prayed against J. E. Camp, the only defendant resident of Floyd County, that the defendants against whom substantial relief was prayed resided in Muscogee County, and that Floyd superior court had no jurisdiction to try said case and grant the relief prayed for. The court further held, "that the receiver appointed by the bankruptcy court has no authority, under the law, to bring suit to recover property held adversely to the bankrupt, or to intervene and become a party plaintiff for that purpose in a pending suit, and his intervention is therefore denied." To this judgment the plaintiff excepted.

1. John W. Watkins and Mrs. Minnie I. Watkins, having voluntarily filed answers to the merits of the case, without filing a plea to the jurisdiction of the court, will not later be heard to say that the court was without jurisdiction as to them. Civil Code (1910), § 5664; *McGahee* v. *Hilton & Dodge Lumber Co.*, 112 *Ga.* 513 (37 S. E. 708); *Campbell* v. *Mercer*, 108 *Ga.* 103 (33 S. E. 871); *Levison* v. *Gordy*, 157 *Ga.* 670 (122 S. E. 234); *Sarah* v. *State*, 28 *Ga.* 576.

2. A receiver appointed under the bankruptcy act of July, 1898, c. 541, § 2, cl. 3, 30 Stat. 545 (U. S. Comp. St. 1901, p. 3421), has authority only to take charge of the visible property of the bankrupt and preserve it as a custodian until the appointment of a trustee, and is without power to sue to set aside an alleged fraudulent transfer of the bankrupt's property. Guaranty Title &c. Co. *v.* Pearlman, 144 Fed. 550; 1 Collier on Bankruptcy (12th ed.), 50, § 2 (3). Consequently the court below did not err in disallowing the amendment in the nature of an intervention, praying that the receiver in the bankruptcy court be made a party

plaintiff for the purpose of bringing suit to recover property held adversely to the bankrupt. See *Wright* v. *Ehrlich,* 146 *Ga.* 400 (91 S. E. 412).

*Judgment reversed. All the Justices concur.*