WATERS *v.* WATERS, executor, *et al.*

HINES, J. 1. Generally suits for equitable relief must be brought in the county of the residence of a defendant against whom substantial relief is prayed. Civil Code (1910), §§ 5527, 6540.

2. The action in this case was brought by Allen Waters against James

O. Waters as executor of Jane D. Anderson, and James M. Waters, to specifically enforce an oral contract by which the testatrix agreed to make a will devising one third of her estate to the plaintiff as compensation for his services rendered and to be rendered to the testatrix during her life, and to impress in his favor a trust upon one third of the property of the estate, which otherwise would go to the executor individually, and his codefendant, as devisees of the promisor. Such contract of the testatrix is valid and is enforceable in equity. *Belt* v. *Lazenby*, 126 *Ga.* 767 (56 S. E. 81); *Gordon* v. *Spellman*, 145 *Ga.* 682 (89 S. E. 749, Ann. Cas. 1918A, 852).

3. Generally all persons interested in the litigation should be parties to proceedings for equitable relief. Civil Code (1910), § 5417; *Cowan* v. *Nicholson*, 158 *Ga.* 425 (123 S. E. 681). Whoever has an interest in the decree sought should be made a party, if it is practicable. *Gilmore* v. *Johnson*, 14 *Ga.* 683. Where a petition for specific performance shows upon its face that third persons who are not made parties to the suit are, or will at some future time become, entitled to an interest in the premises, a demurrer to the petition, for lack of such parties, should be sustained. *Henderson* v. *Napier*, 107 *Ga.* 342 (33 S. E. 433). James O. Waters, in his dual capacity as executor and as an individual, and the defendant James M. Waters individually, have an interest in the decree sought in this case, for the reason that such decree would divest them of property which would go to them as devisees under the will of the testatrix.

4. The relief thus sought by the plaintiff against James O. Waters, as executor and individually, and against James M. Waters individually, is substantial equitable relief; and the action seeking such relief was properly brought in the county of the residence of James M. Waters. *Wynne* v. *Lumpkin*, 35 *Ga.* 208; *Bird* v. *Trapnell*, 147 *Ga.* 50 (92 S. E. 872).

5. Want of jurisdiction of the person may be waived so far as the right of the parties are concerned, but not so as to prejudice third persons. Civil Code (1910), § 5663.

6. If a defendant appear and plead to the merits without pleading to the jurisdiction and without excepting thereto, he thereby admits the jurisdiction of the court. The effect of a voluntary appearance and pleading to the merits is to waive jurisdiction of the person, where the rights of third persons are not thereby prejudiced. Civil Code (1910), §§ 5663, 5664; *Northern Contracting Co.* v. *Maddux*, 144 *Ga.* 686 (87 S. E. 892). This rule applies to equitable cases. *White* v. *North Georgia Electric Co.*, 139 *Ga.* 587 (77 S. E. 789); *Berry* v. *Watkins*, 158 *Ga.* 304 (123 S. E. 102).

7. Where a chancellor on March 24, 1928, granted a temporary restraining order and issued a rule nisi calling upon the defendants to show cause, on April 4, 1928, why an interlocutory injunction should not be granted, and where the defendants appeared upon the latter date in response to the rule, and presented their answer, in which they fully set up their defenses to the action, without raising the question of jurisdiction, and resisted the grant of the interlocutory injunction, and where after the granting of such injunction the plaintiff and the

defendants entered into a written agreement that the case should be tried at the July term, 1928, of the court, that term being the appearance term, and where in pursuance of said agreement of the parties the court by order set the hearing of the case for the July term, 1928, of the court in which the case was brought, all parties expressly agreeing to such order, the defendants, by such appearance, pleading, and agreement without raising any question of the jurisdiction of the court, waived the lack of jurisdiction as to their persons; and such waiver was valid and binding upon them, no rights of third persons being thereby affected.

8. Applying the principles above ruled, the trial judge erred in sustaining a demurrer based solely upon want of jurisdiction of the person of the executor, and filed at the appearance term, which by the consent order of the parties was made the trial term.

*Judgment reversed. All the Justices concur.*

No. 6777. NOVEMBER 17, 1928.

*P. M. Anderson* and *John T. Coyle,* for plaintiffs.

*Eldon L. Bowen, James L. Dowling,* and *S. F. Memory,* for defendants.