BLACK *v.* MILNER HOTELS INCORPORATED.

No. 14266. NOVEMBER 10, 1942.

831

*George & John L. Westmoreland,* for plaintiff in error.

*Dillon & Rose, Clint W. Hager,* and *J. F. Kemp,* contra.

BELL, Presiding Justice. 1. Want of jurisdiction of the person may be waived so far as the rights of the parties are concerned; and where a defendant appears and pleads to the merits without excepting to the jurisdiction of the court, he thereby waives any objection to the jurisdiction of his person. The filing of a demurrer without questioning the jurisdiction is pleading to the merits, within the rule. Code, § 81-503; *Lyons* v. *Planters Loan & Savings Bank,* 86 *Ga.* 485 (12 S. E. 882, 12 L. R. A. 155); *Ray* v. *Hicks,* 146 *Ga.* 685 (2) (92 S. E. 48); *Berry* v. *Watkins,* 158 *Ga.* 304 (123 S. E. 102); *Hudgins Contracting Co.* v. *Redmond,* 178 *Ga.* 317 (173 S. E. 135). The foregoing principles as to waiver may apply, not only to actions at law, but also to equity cases, including actions for specific performance. *Adams* v. *Lamar,* 8 *Ga.* 83; *Waters* v. *Waters,* 167 *Ga.* 389 (6) (145 S. E. 460). Accordingly, in the instant case the filing of the first demurrer gave to the court jurisdiction of the defendant's person, and the protestations made for the first time in the second demurrer came too late.

2. "Where a contract for the lease of real estate is in writing, signed by both parties, is certain and fair, is for an adequate consideration, and capable of being performed, a court of equity, as

a matter of course, will decree its specific performance." *F. & W. Grand Stores* v. *Eiseman,* 160 *Ga.* 321 (7) (127 S. E. 872).

3. Where a petition based on such a lease contract contains two counts, in the first of which there is a prayer for specific performance, and in the second there is a prayer for damages, the second count does not render the petition demurrable; and an original petition seeking specific performance only may be amended by adding a second count for recovery of damages. *Armor* v. *Stubbs,* 150 *Ga.* 520 (104 S. E. 500); *Loewus* v. *Eskridge & Downing Inc.,* 175 *Ga.* 456, 460 (165 S. E. 576).

4. The petition having sufficiently alleged repudiation of the contract by the defendant, no allegation of continuing tender was necessary. *Turman* v. *Smarr,* 145 *Ga.* 312 (2) (89 S. E. 214); *Fraser* v. *Jarrett,* 153 *Ga.* 441 (3) (112 S. E. 487); *Chastain* v. *Platt,* 166 *Ga.* 307 (3) (143 S. E. 378).

5. The following ground of demurrer: "This defendant demurs to said petition as amended, and moves to strike the same, on the ground that this court has no jurisdiction of this defendant, he being a non-resident of the State of Georgia and no personal service having ever been made on him; and says that if this court should hold that it has jurisdiction of the defendant in this case, that it would be violative of his rights under the constitution of the United States, . . and that any law of the State of Georgia authorizing this procedure against this defendant is unconstitutional and violative of his rights as a citizen of the United States," did not bring in question the constitutionality of any law of this State, no particular statute being stated as violating the Federal constitution.

6. Under the ruling stated above, as applied to the pleadings, each count of the petition stated a cause of action, the first for specific performance and the second for damages. The judgment overruling the general grounds of the first demurrer and all grounds of the second demurrer was not erroneous, as contended.

*Judgment affirmed. All the Justices concur.*