## 33590.   FOY *v.* JOHNSTON.

DECIDED JUNE 29, 1951.

244

*E. L. Smith,* for plaintiff in error.

*Durden & Durden,* contra.

SUTTON, C. J. (After stating the foregoing facts.) ■ The controlling question here presented is whether the case should have been transferred by the Judge of the Superior Court of Dougherty County to the Superior Court of Worth County, and

counsel for both parties have directed their arguments to this question.

A distress warrant for rent due may be sued out before a justice of the peace in the county where the debtor may reside or where his property may be found, and executed, as provided for by Code § 61-402. "The party distrained may in all cases replevy the property so distrained, by making oath that the sum or some part thereof distrained for is not due, and giving security for the eventual condemnation money; and in such case the levying officer shall return the same to the court having cognizance thereof, which shall be tried by a jury as provided for in the trial of claims. . ." Code, § 61-404.

The affidavit upon which the distress warrant here issued is headed, "Georgia, Dougherty County," and in the body of the affidavit it is alleged that "W. H. Foy of said county" is justly indebted to the affiant in the sum of $280 for rent. The distress warrant was levied by a deputy sheriff upon certain property of the defendant in Dougherty County, and the defendant's counter-affidavit thereto is as follows: "Georgia, Dougherty County.

"Personally appeared W. H. Foy of said county, defendant in a certain distress warrant for $280.00 lately issued by J. W. Walters, J. P., Dougherty County, Georgia, in favor of George E. Johnston and on oath says that the sum distrained for is not due. [signed] W. H. Foy."

The affidavit, the distress warrant, the levy and the counter-affidavit are all dated December 29, 1950, and the levying officer properly returned these papers to the Superior Court of Dougherty County, instead of to the justice court to which the warrant was made returnable, as the amount distrained for was beyond the jurisdiction of the justice court. It unquestionably appears from the face of the pleadings, when the return was made by the levying officer, that the Superior Court of Dougherty County had jurisdiction to try the case. The distress warrant on one side and the counter-affidavit on the other both referred to the defendant as being of Dougherty County. But the defendant appeared at the first term of said court and made application by written motion, supported by evidence, for the case to be transferred to the Superior Court of Worth County, it being

contended by the defendant that he was a resident of Worth County, and that the case should be tried in the county of his residence.

The plaintiff contended that the defendant could not at that time raise the question of the jurisdiction of Dougherty Superior Court to try the case as he had already pleaded to the merits of the case by his counter-affidavit, without raising the question of jurisdiction, and consequently he had waived such question. Code § 81-503 provides: "If a defendant shall appear and plead to the merits, without pleading to the jurisdiction, and without excepting thereto, he shall thereby admit the jurisdiction of the court."

"Where after levy the progress of a distress warrant is arrested by counter-affidavit denying that the sum distrained for is due, the warrant becomes mesne process, and the proceeding is converted into a suit for the rent. [Citations.] Such counter-affidavit is a plea to the merits. See *Hawkins* v. *Collier*, 101 *Ga.* 145 (2) [28 S. E. 632], and cit. 'After a plea to the merits a defendant can make no objection to the manner by which he has been brought into court.' " *Brooke* v. *Augusta Warehouse &c. Co.*, 119 *Ga.* 946 (47 S. E. 341). Also, see *Berry* v. *Watkins*, 158 *Ga.* 304 (1) (123 S. E. 102), and *Black* v. *Milner Hotels Inc.*, 194 *Ga.* 828, 831 (22 S. E. 2d, 780). The distress warrant operates as the declaration and the counter-affidavit as the plea. *Swain* v. *Nasworthy*, 2 *Ga. App.* 253 (2) (58 S. E. 492). And where, as here, the distress warrant alleged that the defendant was a resident of Dougherty County, and the defendant by his counter-affidavit, which also stated that he was of Dougherty County, pleaded to the merits without protestation as to jurisdiction, or without simultaneously pleading as to it, he thereby submitted himself to the jurisdiction of Dougherty Superior Court, and his plea to the jurisdiction or written motion to transfer thereafter made came too late.

■ Accordingly, under the record and facts of this case and the law applicable thereto, the Judge of the Superior Court of Dougherty County did not err in refusing to transfer the case to the Superior Court of Worth County, or in sustaining the plaintiff's demurrer to the defendant's plea or motion to transfer, or in directing a verdict for the plaintiff.

*Judgment affirmed. Worrill, J., concurs. Felton, J., concurs specially.*

FELTON, J., concurring specially. I do not agree with the majority that the filing of a counter-affidavit to a distress warrant waives jurisdictional questions for the reason that the only provision for arresting distress proceedings is the filing of a counter-affidavit alleging that the sum distrained for or a part thereof is not due. Not until this is done do the proceedings become a case in court wherein demurrers or special pleas can be filed. There can be no waiver of jursdiction in the absence of a choice which could result in a waiver. I concur in the judgment because the effect of the defendant's motion was a plea to the jurisdiction which failed to allege that the defendant did not own property in Dougherty County. See *Kimball Co.* v. *Rogers,* 17 *Ga. App.* 562 (87 S. E. 848).