GATES *v.* SHANER, formerly GATES.

HEAD, Justice. 1. "The courts of this State have no extra-territorial jurisdiction, and cannot make the citizens of foreign States amenable to their process, or conclude them by a judgment in personam, without their consent." *Dearing* v. *The Bank of Charleston,* 5 *Ga.* 497 (5); *Hood* v. *Hood,* 130 *Ga.* 610, 612 (61 S. E. 471); *Gordy* v. *Levison & Co.,* 157 *Ga.* 670, 677 (122 S. E. 234); *Hood Brick Co.* v. *Mangham,* 161 *Ga.* 457, 459 (131 S. E. 172); *Irons* v. *American National Bank,* 178 *Ga.* 160, 179 (172 S. E. 629); *Grimmett* v. *Barnwell,* 184 *Ga.* 461, 462 (192 S. E. 191, 116 A. L. R. 257); *Webb & Martin* v. *Anderson-McGriff Hardware Co.,* 188 *Ga.* 291, 296 (3 S. E. 2d, 882).

2. While "a person not a citizen of this State, passing through or sojourning temporarily in the State, may be sued in any county thereof in which he may be at the time when sued" (Code, § 3-206; *Murphy* v. *Winter & Co.,* 18 *Ga.* 690), this rule has no application in the present case, where the petition shows upon its face that the mother and child are residents of the State of Ohio and were located in Ohio at the time the petition for modification was filed.

3. "If a defendant shall appear and plead to the merits, without pleading to the jurisdiction, and without excepting thereto, he shall thereby admit the jurisdiction of the court." Code, § 81-503; *White* v. *North Ga. Electric Co.,* 139 *Ga.* 587, 588 (3) (77 S. E. 789); *Waters* v. *Waters,* 167 *Ga.* 389, 390 (6) (145 S. E. 460). "Parties by consent, express or implied, cannot give jurisdiction to the court, as to the person or the subject-matter. It may be waived, however, as to the person, so far as the rights of the parties themselves are concerned; but not so as to prejudice third persons." *Raney* v. *McRae,* 14 *Ga.* 589 (4) (60 Am. D. 660); *Adams* v. *Lamar,* 8 *Ga.* 83 (3); *Ponce* v. *Underwood,* 55 *Ga.* 601; *Yon* v. *Baldwin,* 76 *Ga.* 769; *Block* v. *Henderson,* 82 *Ga.* 23, 25 (8 S. E. 877); *Stevens* v. *Nisbet,* 88 *Ga.* 456 (14 S. E. 711); *Rosenthal* v. *Langley,* 180 *Ga.* 253, 260 (179 S. E. 383); *Langston* v. *Nash,* 192 *Ga.* 427, 429 (2) (15 S. E. 2d, 481); *Black* v. *Milner Hotels,* 194 *Ga.* 828, 831 (22 S. E. 2d, 780).

4. In the present case, the petition having alleged that the wife and minor child were residents of the State of Ohio, the jurisdiction of the court was properly raised by general demurrer. "Where the want of

jurisdiction over the person is apparent upon the face of the bill, it should be taken advantage of by demurrer." *Kendrick* v. *Whitfield*, 20 *Ga.* 379 (3); *Mullally* v. *Mullally*, 199 *Ga.* 708, 709 (2) (35 S. E. 2d, 199). The wife not having waived jurisdiction of the court by a voluntary appearance without pleading to the jurisdiction of the court, the trial court did not err in sustaining the general demurrer and dismissing the action. The case of *King* v. *King*, 202 *Ga.* 838 (44 S. E. 2d, 791), is not in point on its facts, and does not support the contention of the plaintiff in error that the court in the present instance had jurisdiction. In the *King* case the father of the child was still a resident of the county in which the divorce decree had been rendered and the child was in the custody of the father. The court in the *King* case had jurisdiction of the person of the defendant and of the child who was the subject matter of the petition, which facts are not true in the present case.

*Judgment affirmed. All the Justices concur.*

No. 17589. ARGUED SEPTEMBER 12, 1951—DECIDED OCTOBER 3, 1951— REHEARING DENIED NOVEMBER 16, 1951.

*Marvin O'Neal Jr.,* and *E. H. Stanford,* for plaintiff in error.
*E. C. Harvey Jr.,* contra.