James vs. Kerby.

---

JOHN JAMES, plaintiff in error, vs. DIXON KERBY, defendant in error.

[1.] The contents of a judgment or decree, rendered in the Courts of another State, cannot be proven by parol.

[2.] Testimony will be rejected, unless its relevancy is made to appear.

[3.] The sayings of the former owner are inadmissible to prejudice the title conveyed, if made subsequent to the time when the title and property are parted with.

Trover, in Richmond Superior Court. Tried before Judge HOLT, at October Term, 1859.

This was an action of trover, brought by Dixon Kerby, against John James, for the recovery of a negro man slave, named Valentine.

In the progress of the trial, the defendant, amongst other things, in support of his title, relied upon and introduced in evidence, a bill of sale for said slave to him by Mary Matilda Langston, dated 11th January, 1854. Plaintiff in reply to this evidence, proposed to prove the sayings and declarations of said Mary Matilda, as to the consideration of said bill of sale; said declarations made after the date of the bill of sale. To the introduction of this evidence, defendant objected. The Court overruled the objection and received the evidence, and counsel for defendant excepted. The proof upon this point was, that said Mary Matilda had said that there was no consideration for the bill of sale executed by her to defendant, but that the understanding between her and defendant, was, that he should defend the title to the slave, and if successful, they were to share or divide equally said slave or his value.

In the further progress of the cause, plaintiff offered to prove that certain notes made by him to John Kerby, deceased, had been sued for in a Court of Equity, in the State of South Carolina, in the name of one Simon Ward, and a decree rendered in said equity suit, ordering said notes to be delivered up to the representatives of John Kerby, deceased. To the introduction of this testimony, counsel for defendant objected, on the ground, that the judgments and decrees of the Courts of another State, could not be proved, or given in evidence in this way; and further, because said testimony was irrelevant. The presiding Judge overruled the objection, and admitted the testimony, and counsel for defendant excepted.

The jury found for the plaintiff. Whereupon, counsel for defendant tendered their bill of exceptions, assigning as error the rulings and decisions above excepted to.

MILLERS & JACKSON; J. C. & C. SNEAD, for plaintiff in error.

ED. J. WALKER, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

Was the testimony of James McNair admissible?

It was offered and allowed, to prove that certain notes, made by the plaintiff to John Kerby, deceased, had been sued for in South Carolina, in the name of Simon Ward. and had been decreed to be delivered up to the representatives of the said John Kerby.

Parol evidence cannot be received to prove the contents of a record in a judicial proceeding. This can only be done by an exemplification properly certified. Besides, there is no testimony in the bill of exceptions, connecting the proof tendered with the case tried. And hence, for anything which appears before us, it is clearly objectionable, on the ground of irrelevancy.

The sayings of Mary Matilda Langston, the vendor of the defendant, were permitted to go to the jury, after she parted with the title to the negro in dispute, to the effect, that James, the defendant, paid nothing for the slave; and that this was a speculative lawsuit, in which, if successful, she was to share the profits.

We have repeatedly held, that the declarations of a party, after parting with the property, are inadmissible to prejudice the title of one claiming under the declarant.

Judgment reversed.