## TILLINGHAST *v.* CLAY.

Under the allegations in the equitable petition filed by the plaintiff in this case, he was not entitled to the relief sought, and the general demurrer to the petition should have been sustained.

No. 2485.   FEBRUARY 21, 1922.

Equitable petition.   Before Judge Blair.   Cobb superior court. January 31, 1921.

At the March term, 1918, of the superior court of Cobb county, the plaintiff in error obtained a divorce from the defendant in error.   The decree taken in the case provided that the defendant in error should pay the plaintiff in error the sum of $25 per month as permanent alimony for herself so long as she remained a widow, and also should pay to her the sum of $25 per month as permanent alimony for the support of the minor son of the said ·parties. The decree further provided, that, in the event of the remarriage of the plaintiff in error, the $25 per month alimony which was to be paid to the plaintiff in error for herself should be paid to her as permanent alimony for the minor child, in addition to the $25 to be paid under the decree as above set out, making $50 per month to be paid the plaintiff in error for permanent alimony for the minor child.   After the rendition of the decree the plain-' tiff in error removed with the minor child to the State of Rhode Island, and there remarried.   After her remarriage and after she had removed from the State of Georgia, the plaintiff in error brought a rule against the defendant in error in the superior court of Cobb county, Georgia, praying that he be adjudged in contempt of court for his failure to pay to her the money she alleged to be due as permanent alimony for the support of the minor child.   In the petition for the rule it is alleged, after setting forth the verdict in the divorce suit and that a decree was rendered in accordance with the terms of that verdict, that subsequently to the granting of said verdict and decree plaintiff in error had married on September 17, 1919, and is now a resident of the State of Rhode Island, and has the minor child in question with her there.   The substance of a certain agreement entered into on May 10, 1917, and which is further referred to in the opinion, is also set forth. Failure to make the payments as ordered in the decree after a specified date is also alleged, and there is a prayer for a rule nisi, and for such further orders as might be necessary to compel the

defendant to comply with the decree. The defendant in error then filed a petition in said court, service thereof being made upon the attorney at law of record for the plaintiff in error, alleging that the plaintiff in error was not entitled to the custody of said child, on account of the facts alleged in said petition; that the contract under which she claimed the custody of said child had expired, and, if it had not expired by its own terms, it was null and void on account of the fraud perpetrated upon defendant in error in its procurement; and that the plaintiff in error was not a fit and proper person to have the custody of the child, for the reasons set out in the petition. It was prayed that said contract, if it had not expired by its own terms, be declared null and void; that the collection of alimony be enjoined so long as the plaintiff in error kept the child without the jurisdiction of the superior court of Cobb county; and that the court by decree fix the custody of the minor child.

Plaintiff in error filed her demurrers to this petition; and the court, holding that the defendant in error had the right to have the contempt proceedings enjoined until such time as the plaintiff in error should submit herself and the child to the jurisdiction of the superior court of Cobb county, overruled the demurrers. The plaintiff in error thereupon by writ of error brought the case to the Supreme Court for review.

*N. A. Morris*, for plaintiff in error.

*Anderson & Roberts, Abbott & Wallace*, and *L. M. Blair*, contra.

BECK, P. J. (After stating the foregoing facts.) We are of the opinion that even if the proceeding brought by the plaintiff in error in the superior court of Cobb county, in which she sought to obtain a rule against the defendant in error for a failure to pay the money alleged to be due as alimony and support of the minor child, was such a pending proceeding that it would authorize the superior court of Cobb county to take jurisdiction for the purpose of affording relief upon the prayers of an equitable petition showing proper grounds for relief, nevertheless the demurrer to the present equitable petition should have been sustained, for the reason that, so long as the verdict and decree in the divorce case between the parties to this proceeding and the judgment and decree founded thereon stands, a court of equity can not grant relief which impairs the effectiveness of that verdict and decree

without setting them aside. To get rid of the decree or any part of it, the verdict itself must be set aside; for it is not complained that the decree does not follow the verdict. Whether that decree and verdict are or are not in part founded upon the agreement entered into on May 10, 1917, the fraud alleged by which that agreement and contract was obtained can not avail the plaintiff in this equitable action to set aside or nullify a part of the verdict and decree in the divorce case without an attack upon the verdict and decree made in a proper equitable petition for the purpose of setting them aside. The court can not afford to the plaintiff in this equitable petition relief which is in effect an annulment in part of the verdict and decree in the divorce case. If the verdict and decree were obtained by fraud, they should be attacked upon that ground in a petition brought for the purpose of setting them aside. Where a verdict and decree are obtained by fraud, as has many times been decided by this and other courts, equity will, upon a petition brought within the time allowed by our statute, that is, within three years; annul the decree. But if the verdict and decree stand, all the rights secured to the parties under such verdict and decree must also stand. The verdict in the divorce case is, " We, the jury find that sufficient proofs have been submitted to our consideration to authorize the granting of . a total divorce. . . We further find for the plaintiff $25.00 per month for permanent alimony, payable on. the 15th day of each month hereafter, provided that in the event of the remarriage of the plaintiff she shall receive no further payment but such payment shall be continued to her as long as she remains un-married. We further find for said minor child of plaintiff and defendant, the issue of said marriage, for permanent alimony, $25.00 per month during the minority of said child, to be paid to its mother, the plaintiff, on the 15th day of each month here-after; provided that in the event of the remarriage of the plaintiff, at which time the payment of alimony to her shall cease, an additional sum of $25.00, payable on the 15th day of each month, shall be paid to the plaintiff as permanent alimony for said child, making the amount of alimony payable to her for said child, on the 15th day of each month, after the remarriage of the plaintiff (in the event of such remarriage during the minority of said child), $50.00 per month from the time of such remarriage, during said

minority. We further find that the disabilities of the defendant be removed." The decree in all respects follows this verdict. It will be observed that the verdict and decree do not expressly give the wife the custody of the minor child. But they are to have a reasonable intendment; and they will, where construction is necessary, be construed in the light of the pleadings. The verdict and decree provide that the plaintiff recover of the defendant $25 per month as permanent alimony for the support and maintenance of the minor child, the issue of the marriage of the parties, during the minority of the said child, " to be paid to the plaintiff on the 15th day of each month hereafter," etc. The fact that the amount allowed for the support of the child was to be paid to the mother monthly, and that it was to be paid " during the minority of said child," affords strong grounds for concluding it was intended that the mother should have the custody of the child. Besides, the verdict and decree provide that in the event of the remarriage of the mother the $25 allowed her as alimony for herself should no longer be paid, but that an additional sum of $25 should be paid monthly to her for the child during his minority. And this shows that it was contemplated that the mother should retain the custody of the child even after her remarriage until the child attained his majority. Moreover, in the answer of the defendant in the divorce suit we find that he prays that he " be allowed the privilege of having the custody and control of his son during part of his life. Defendant does not wish to take him away from his mother; at the same time he is defendant's son, and defendant is willing to support him and is now supporting him under agreement with the plaintiff, and defendant asks that on final decree the court give him the custody of his son for such time and at such times as the court may see fit and proper." And further, it is prayed in the answer to the divorce suit as follows: " (a) That he be awarded the custody of his son, part of the time, at and for such time as the court may direct. (b) That he be required to pay some alimony for the support of his wife and child, but only such as his means will allow; defendant having no intention not to pay permanent alimony, but he does pray that in the event the plaintiff remarries, permanent alimony cease so far as plaintiff is concerned. (c) That in the event plaintiff remarries, defendant be given the custody and control of his son."

These prayers here quoted, especially (*b*) and (*c*), throw further light upon the verdict and decree. The prayer that in case of the remarriage of the plaintiff the defendant be not further required to pay alimony to the plaintiff was favorably answered by the jury. The other prayer was apparently denied. And so, considering the language of the decree itself and the prayers in the answer to the libel for divorce, we are forced to the conclusion that the meaning of the verdict and decree in the divorce case was that the mother should have the custody of the child. Of course, that did not mean that the father should not be permitted to have reasonable opportunities of seeing him and enjoying his company. The removal of the mother to another State was not a violation of the provisions of the decree. It was contemplated that she might marry again; and of course if she married she would go to the home of her husband, wherever that might be. Then, with the decree still standing under which a certain amount of money is payable monthly to the wife while she remained single, as alimony for herself, and a stated amount payable monthly for the support of the minor child, provision being made in the decree that the amount payable to the wife as alimony should cease upon her remarriage and that this amount should thereafter be added to the amount payable each month for the support of the minor child, the wife may claim the enforcement of the rights thus established by the verdict and decree until they are set aside. And this petition does not seek to have them set aside. To merely have the contract entered into between the parties on May 10, 1917, declared void for fraud, would not have this effect.

If the wife to whom the money for the support of the minor child is to be paid shall do anything in violation of the decree in the divorce suit which would justify a refusal upon the part of the defendant in that case, the petitioner in this equitable proceeding, to refuse payment of the amount payable to her for the support of the minor son, that fact can be urged in opposition to the application of the wife for a rule against this petitioner, as a matter defensive to the proceedings to obtain a rule; and no equitable proceeding is necessary for that purpose. Consequently, we hold that the demurrer to the petition should have been sustained.          *Judgment reversed. All the Justices concur.*