## JAGOE v. JAGOE.

No. 11380.   OCTOBER 17, 1936.

*Scott Candler*, for plaintiff in error.

*J. A. McCurdy Jr.*, and *Roy Leathers*, contra.

BELL, Justice.   Mrs. Helen Marie Jagoe applied to the superior court of DeKalb County for a rule nisi directed to her former husband, Leo John Jagoe, requiring him to show cause why he should not be adjudged in contempt of court for failure to pay specified installments of permanent alimony for the support of the applicant and the minor children of herself and the respondent, as due under a previous decree of the court in a libel for divorce between the parties.   The final decree of total divorce, dated June 5, 1934, expressly incorporated therein a previous agreement of the parties, dated August 3, 1933, providing for the payment of permanent alimony and the custody of their three children.   This agreement provided that the respondent should pay the sum of $25 per month for the support of the applicant and $50 per month for the support of the minor children.   By this agreement the defendant was given the custody of the children, but it was provided that the respondent should "have the right to see said children at reasonable times, and that he have the right to have said children with him on Saturday or Sunday of each week when convenient to the parties concerned," and that he should "have the right to custody of the child, L. J. Jagoe Jr., during two months of the school holidays each year." It appeared from the pleadings and the evidence that the applicant moved to New York soon after the final verdict in the divorce and alimony proceeding, and carried the children with her.   The respondent made the payments of alimony until June 6, 1935, but none afterwards, and at the time of the hearing in the instant pro-

ceeding, February 15, 1936, the arrearage amounted to $1260. The respondent did not deny his ability to pay, but contended that the defendant had deprived him of his right of visitation by taking. the children to New York, where he was unable to go to see them, contrary to the decree of the court. The evidence for the applicant showed that the respondent knew at the time the alimony agreement was signed that she intended moving to New York, the home of her mother and father, and that he had never visited the children before they moved to New York, nor did he request the opportunity of visitation until demand for payment of the delinquent alimony was made. At the conclusion of the hearing, on March 7, 1936, the judge granted an order holding the respondent in contempt, and he excepted.

The record shows that the judgment for alimony, based upon an agreement of the parties, provided that the payment of alimony for the use of the wife should continue until her death or remarriage. The wife's removal to another State with the children did not constitute a violation of any condition of the decree relating to the payment of alimony. In other words, the right of visitation as contained in the decree was not a condition precedent to the obligation to pay alimony; and even if such right were violated, the defendant would not be relieved of his duty to pay alimony in accordance with the decree, in which the two matters were distinct and not dependent on each other. But it is contended that the applicant has failed to do equity in regard to the visitation, and that for this reason the court erred in holding the defendant in contempt. It appeared from the evidence, that at the time the alimony agreement was executed and at the time the judgment for alimony was rendered the respondent knew that the applicant intended to move to New York; that for a period of two years after the custody of the children was temporarily awarded to her, with his right of visitation, he made no effort to see the children; and that he requested no opportunity of visiting them until he had ceased payment of alimony and the demand for payment was made. Under the facts the judge did not abuse his discretion in holding the respondent in contempt of court for the failure to pay the installments of alimony as provided in the final decree. See *Gilbert* v. *Gilbert*, 151 *Ga.* 520 (107 S. E. 490) ; *Tillinghast* v. *Clay*, 152 *Ga.* 816 (111 S. E. 384).

If the decree had contained different terms, or if the evidence as to the intention and conduct of the parties had not been as stated, there might be some merit in the respondent's contention as to the propriety of the judgment under consideration. The facts of the case do not require a reversal either upon the ground that the applicant has violated any condition of the decree relating to the payment of alimony or upon the ground that she has failed to do equity. Upon the general subject see Williams v. Williams, 166 Miss. 471 (148 So. 358, 88 A. L. R. 197); Harris v. Harris, 197 App. Div. 646 (189 N. Y. Supp. 215); Feltman v. Feltman, 189 Minn. 584 (250 N. W. 457); Eberhart v. Eberhart, 153 Minn. 66 (189 N. W. 594); State ex rel. Shoemaker v. Hall (Mo.), 257 S. W. 1047.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent because of illness.*