31019. PHILLIPS *v.* PHILLIPS, next friend, *et al.*

DECIDED OCTOBER 4, 1945.

*Clifford E. Hay,* for plaintiff in error.

*Theodore Titus,* contra.

FELTON, J. ■ The petition prayed for a judgment for installments due to the time of the trial. There was no demurrer to the petition or prayer on the ground that the installments falling due between the time of the filing of the action and the trial were not recoverable. The failure to demur was a waiver of the right to urge the point as against an exception to the directed verdict.

■ The plaintiff in error's contentions that the decree is a contract of record, and an indivisible contract, and that the de-

fendant in error's failure to abide by its terms relieves him of his obligations thereunder, are not well founded. It is true that the action is denominated as one ex contractu, and in some cases has been called a contract of record. The Code, § 20-103, provides: "A contract of record is one which has been declared and adjudicated by a court having jurisdiction, or which is entered of record in obedience to, or in carrying out, the judgments of a court." Under no view is the judgment a contract of record under this section. Such a judgment, not based on a contract, "is not a contract in the strict sense of the term or in the ordinary sense of an agreement reached between persons, to the terms of which their mutual assent has been given, because usually the defendant has not voluntarily assented." 30 Am. Jur. § 145, pp. 896-7. Therefore the rule applying to indivisible voluntary contracts does not apply. Whatever may have been held in other jurisdictions, the Supreme Court of Georgia has held that in such a decree as is here involved the provision for the payment of alimony and the provision for the father's visitation of the child are distinct and not dependent one on the other, and that the right of visitation is not a condition precedent to the obligation to pay alimony. *Jagoe* v. *Jagoe*, 183 *Ga.* 273 (187 S. E. 874). It follows that the mother's wilful prevention of visits to the child by the father does not affect her right to recover the alimony ordered to be paid.

█ The only right of action under the record being solely in the plaintiff, Mrs. Phillips, and no point having been made as to her effort to sue as next friend for the child, the effort to proceed as next friend will be treated as surplusage. The verdict and judgment in favor of the plaintiff are construed to mean Mrs. Phillips.

The court did not err in sustaining the demurrer to the defendant's answer, and in directing the verdict for the plaintiff.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*