## KING *v.* KING, now MAYFIELD.

BELL, Justice.  1.  In so far as the instant petition of a divorced husband, seeking a modification of the original decree as to the custody of a minor child of the marriage, was based upon alleged improper conduct on the part of the child's mother, it affirmatively appeared from such petition and the record in the case in which it was filed that the charges as to such misconduct, other than marriage after divorce, were actually made by the husband in the divorce case and were adjudicated against him by the verdict and decree therein. *Willingham* v. *Willingham,* 192 *Ga.* 405 (1), 406 (15 S. E. 2d, 514).

(a) The subsequent marriage of the (divorced) wife did not within itself constitute a change of condition adversely affecting the welfare of the child, nor otherwise violate the terms of the decree as to custody. *Shields* v. *Bodenhamer,* 180 *Ga.* 122 (178 S. E. 294).

2. Where in a divorce case the court enters a decree as to the custody of a child or children of the marriage, the duty of the State and the jurisdiction of its courts are continuing, unless and until voluntarily released, or until such jurisdiction is lost in some way. *Williams* v. *Crosby,* 118 *Ga.* 296 (45 S. E. 282) ; *Fortson* v. *Fortson,* 195 *Ga.* 750 (2) (25 S. E. 2d, 518) ; *Fortson* v. *Fortson,* 200 *Ga.* 116 (35 S. E. 2d, 896) ; *Emrich* v. *McNeil,* 75 App. D. C. 307 (126 Fed. 2d, 841, 146 A. L. R. 1146, annotation, p. 1153). It is thus against the policy of the law to permit removal of a child from the jurisdiction of the State unless its welfare would better be served thereby, although such removal may be permitted by the court in its discretion, in a proper case. *State* v. *King,* 1 *Ga. Dec.* 93; *Pruitt* v. *Butterfield,* 189 *Ga.* 593 (6 S. E. 2d, 786) ; 27 C. J. S. 1179, § 313; *Duncan* v. *Duncan,* 293 Ky. 762 (170 S. E. 2d, 22, 154 A. L. R. 549, annotation, p. 552) ; *Sneed* v. *Sneed,* 248 Ala. 88 (26 So. 2d, 561) ; *McGonigle* v. *McGonigle,* 112 Colo. 569 (151 Pac. 2d, 977).

3. In the instant case, it appears that, upon an agreement of the parties, the court in its decree rendered in January, 1947, awarded custody of the child to its father (the defendant) until June 1, 1947, then to its mother until September 1, 1947, and after that to its father until June 1, 1948, then to its mother "until September 1, 1948, or the beginning of the annual school term. . . Thereafter, the custody and con-

trol of said minor child shall be in the father during the regular school term (normally from Sept. 1st to June 1st), and the custody and control of said minor child shall be in the mother during the annual summer vacation period, until said child shall have reached his eighteenth birthday, or [shall become] self-sustaining, whichever shall occur first." It was further expressly provided "that the father shall either. deliver the child to the home of the mother or shall provide transportation for said child, and shall call for or provide transportation for said child to be returned to his custody." The parents both resided in Cobb County, Georgia, at the time the decree was entered. *Held:*

In view of the principles stated in the preceding note as to continuing jurisdiction and the policy of the law as to removal of the child from the State, and giving to the written agreement embodied in the decree a reasonable intendment according to the evident intention of the parties and the court, the decree is properly construed as awarding custody subject to continuing jurisdiction of the proper court or courts of this State, and not as requiring the father to deliver the child, or to provide its transportation, to the home of the mother except at some place within the State of Georgia, wherein she then resided. While she was free to marry again and to move to some other State, as California, the defendant was not required by the decree to send or deliver the child to her "home," wherever she might choose to live, outside the State of Georgia. See authorities cited in headnote 2, supra (including annotations); also *Brown* v. *Farkas*, 195 *Ga.* 653 (2) (25 S. E. 2d, 411).

(*a*) The present case is distinguished by its facts from *Tillinghast* v. *Clay*, 152 *Ga.* 816 (111 S. E. 384), where custody was awarded *solely to* the parent who later removed to another State, and the decree did not contain any provisions or stipulations such as were expressed in the decree in the instant case. The same statement will apply on principle to *Milner* v. *Gatlin*, 139 *Ga.* 109 (2) (76 S. E. 860). The case also differs on its facts from *Jagoe* v. *Jagoe*, 183 *Ga.* 273 (187 S. E. 874), where the question was whether a divorced husband should be adjudged in contempt of court for failure to pay alimony, and it was held that under the facts of the case the judge did not *abuse his discretion* in determining such question adversely to him. See, in this connection, Cole *v.* Addison, 153 Oregon 688 (58 Pac. 2d, 1013, 105 A. L. R. 897, annotation, p. 901).

4. Under the preceding rulings, the father did not violate any obligation imposed either by the agreement or the decree in failing to carry or send the child to the home of its mother in California on or before June 1 or before the filing of the instant petition, as contended in the demurrer; and since the original decree did not purport to award custody to the father except for approximately nine months in each year, and the part of it awarding custody to the mother for the remaining three months of each year does not cover the present situation, in view of her removal to the State of California, the petition for modification of the decree stated sufficient cause for reconsideration of the question as to custody as applied to such "annual summer vacation" periods, and for such further order as to these periods as the court may deem proper in its discretion and continuing jurisdiction, keeping in mind the welfare of the

child as the controlling consideration. See, in this connection, *Mills* v. *Mills*, 150 *Ga.* 782 (3) (105 S. E. 357); *Blaylock* v. *Hackel*, 164 *Ga.* 257 (5) (138 S. E. 333).

(*a*) Since the original decree did not deal with the question as to custody for such vacation periods as applied to the facts as they now exist in view of the mother's change of residence to the State of California, the hiatus or vacuum as to custody thus arising could be considered by the court as a matter adversely affecting the interest or welfare of the child, so as to authorize a new determination as related to such periods.

(*b*) As to failure to exercise discretion, by dismissal of petition, compare *Estes* v. *Estes*, 192 *Ga.* 94, 95 (14 S. E. 2d, 681).

5. The court erred in sustaining the general demurrer and in dismissing the petition.

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 15961. OCTOBER 23, 1947.

*W. W. Mundy Jr.,* for plaintiff.
*Schroeder & Walker* and *George D. Anderson,* for defendant.