## BURCH *v.* KENMORE.

No. 16848. November 17, 1949. Rehearing denied December 1, 1949.

*R. L. LeSueur,* for plaintiff in error.

*Charles Burgamy* and *R. L. Maynard,* contra.

HEAD, Justice. The husband did not except to the order of the trial court permitting the wife to take the minor children

to her new home in Alabama. Since no exception is taken to this provision of the judgment, it can not be reviewed under the exceptions made. But see *Tillinghast* v. *Clay*, 152 *Ga.* 816, 820 (111 S. E. 384); *Jagoe* v. *Jagoe*, 183 *Ga.* 273 (187 S. E. 874); *King* v. *King*, 202 *Ga.* 838 (44 S. E. 2d, 791); *Good* v. *Good*, 205 *Ga.* 112 (52 S. E. 2d, 610).

Counsel for the plaintiff in error insists that the court erred in overruling certain special demurrers to the husband's petition, it being contended that, since the husband sought to temporarily and permanently enjoin the wife from taking the children to Alabama, and sought other relief, the cause is still pending, and the relief prayed might be granted upon a further trial of the issues. The contentions made by counsel are without merit as to the ruling on the special demurrers. The husband's petition was addressed to the discretion of the trial judge, and he alone could grant or refuse the relief prayed. All questions pertaining to the custody of minor children are for determination by the judge in the exercise of a sound discretion. The determination of whether or not a husband is in contempt of court for failure to pay alimony is likewise a question addressed to the discretion of the trial judge. In neither instance will this court interfere with the discretion vested in the trial judge unless it has been manifestly abused. In this case it is not shown that the trial judge abused his discretion in modifying a previous order adjudging the husband in contempt.

The main question for determination by this court, under the record in this case, is whether or not the trial judge erred in undertaking to revise or reform the previous verdict and decree for alimony by relieving the husband from paying alimony so long as the minor children reside beyond the jurisdiction of the court. It has been held by this court many times that a verdict and decree for permanent alimony can not be revised by the trial judge. See *Coffee* v. *Coffee*, 101 *Ga.* 787 (28 S. E. 977); *Wilkins* v. *Wilkins*, 146 *Ga.* 382 (91 S. E. 415); *Banda* v. *Banda*, 192 *Ga.* 5 (14 S. E. 2d, 479); *Torras* v. *McDonald*, 196 *Ga.* 347 (26 S. E. 2d, 598). The trial judge erred in that part of the order excepted to, which, in effect, revised a verdict and decree for permanent alimony.

Since both parties procured a part of the substantial relief

sought by each, the fixing of costs was a matter within the discretion of the trial judge.

*Judgment affirmed in part and reversed in part. All the Justices concur.*