### 21458. STEWART v. STEWART.

QUILLIAN, Justice. 1. Where, as in the case sub judice, a father, in response to a citation for contempt of court, admits that he is financially able to pay alimony awarded by a previous decree for the support of his minor children, and alleges that he has wilfully refused to pay the alimony because the mother of the children has refused to permit him to exercise visitation rights with the children granted him by the decree, such response sets up no valid excuse for his failure to obey the mandate of the court, and is properly stricken. In such a situation, the trial judge does not err in holding the respondent in contempt. *Jagoe v. Jagoe*, 183 Ga. 273, 274 (187 SE 874); *Taylor v. Taylor*, 216 Ga. 767, 769 (119 SE2d 571); *Phillips v. Phillips*, 73 Ga. App. 18, 20 (35 SE2d 520).

2. The conclusion pronounced in the foregoing syllabus is particularly applicable in cases such as *Jagoe v. Jagoe*, 183 Ga. 273, supra, and the instant case, where the decree does not make the visitation rights of the father a condition precedent to the payment of alimony for the support of the children.

3. The fact that the decree is entered upon agreement of the parents, parties to a divorce suit, relative to the visitation rights of the father and the payment of alimony for the children does not render the violation of the terms of the contract by either of the parties a valid excuse by the other for disobeying the directions of the decree. As is held in *Fortson v. Fortson,* 195 Ga. 750, 754 (25 SE2d 518): "While the original decree as to custody was based upon an agreement between the parties, it was none the less a judgment of the court, having the usual attribute of conclusiveness."

4. The case of *Tillinghast v. Clay,* 152 Ga. 816 (111 SE 84), cited in the brief of counsel for the defendant, is sound in principle, but the principles announced are not applicable to the case we now review. The *Tillinghast* case deals primarily with the right of a respondent to enjoin a contempt proceeding. The opinion in the case, without intimating what conduct on the part of the minor children's mother might serve to relieve the father of his obligation to pay alimony for their support, merely holds that such defense might be urged as well in the contempt proceeding as in the injunction case the respondent undertook to plead; hence, the prayers for injunction were properly denied. It does appear from the opinion, by way of dictum not necessary to the decision of the case, that there may be instances when the conduct of the mother excuses the refusal of the father to pay alimony for the minor children's support.

5. When alimony is awarded for the support of minor children, the mother acquires no interest in the funds, and when they are paid to her she is a mere trustee charged with the duty of seeing that they are applied solely for the benefit of the children. She can not consent to a reduction or remission of the alimony, and ordinarily her conduct can not relieve the father of paying the same as directed by the court. *Brown v. Brown,* 210 Ga. 233 (78 SE2d 516); *Varble v. Hughes,* 205 Ga. 29 (52 SE2d 303); *Glaze v. Strength,* 186 Ga. 613 (198 SE 721).

*Judgment affirmed. All the Justices concur.*

Argued November 14, 1961—Decided January 4, 1962.

*Frank C. Jones, Jones, Sparks, Benton & Cork,* for plaintiff in error.

*Miller, Miller & Miller, Wallace Miller, Jr.,* contra.