## 25836. ATWELL v. HILL.

UNDERCOFLER, Justice. The plaintiff sought an attachment for contempt in the Superior Court of Floyd County against the defendant for his failure to pay child support. The trial judge, after hearing evidence, refused to find the defendant in contempt of court and dismissed the claim. The plaintiff appeals from this judgment. *Held:*

The defendant, who was the only witness in the case, testified: He and the plaintiff were divorced on January 17, 1959. The support payments for the two children were to be made to the Juvenile Court of Floyd County. About six months after the divorce he learned through the juvenile court that the plaintiff had moved to Huntsville, Alabama. He later learned that

she had married Rodney Swain and he attempted to visit his children.  He was told by the plaintiff not to come to her home.  Over a period of 4½ to 5 years, he made 12 to 15 trips to Alabama to see his children, but only succeeded 4 times.  He made numerous telephone calls unsuccessfully trying to arrange visits with them.  The plaintiff then separated from Swain and moved to Leeds, Alabama.  He located her home in Leeds, Alabama, where a "Mr. and Mrs. Atwell" lived with two children.  He consulted an attorney to attempt to secure legal custody of the children and proceedings were filed therefor.  The plaintiff in the "midst" of this action, moved one night.  He located her and Mr. Atwell at a motel in Florida.  At this time the son was with his maternal grandparents in Summerville, Georgia, but the daughter was with the plaintiff.  By calling various police departments and juvenile courts, he located them in Williston, Florida, in 1965.  The plaintiff had an unlisted telephone number and he was unable to call her.  He drove to Florida and succeeded in getting the telephone operator to contact her and tell her that he would like to speak with her.  She refused.  The trip to Florida accomplished nothing.  The next time he saw his son and daughter was in Summerville, Georgia, when they were with their maternal grandparents.  The grandparents instructed the son during the 16 months he lived there, not to have any contact whatsoever with his father.  In 1966 he had his daughter for approximately 2½ weeks and was charged with kidnapping.  He was not convicted of kidnapping.  He later received a high school graduation invitation from his son in Williston, Florida.  He and his present wife drove to Williston and saw him practicing for his graduation.  The son told him where they lived and was asked to arrange a visit for them with his daughter.  The defendant and his wife went to the house, and the daughter ran to meet him.  He saw and heard his former wife "cussing, screaming and yelling" and she informed him that he was not going to see his daughter and she was not going to have her visit with them.  She was angry because the daughter had gone into the yard to see them.  In 1966 he tried to obtain custody of the children in Floyd County Superior Court.  The plaintiff furnished an affidavit that she was not a resident of Floyd County but was a resident of Chattooga County and that the Floyd County court had no jurisdiction over her.  The same day,

the same petition for change of custody was filed in Chattooga County and the judge of that circuit set a date for a hearing. Before the hearing however the plaintiff took the children and returned to Florida.

The records of the juvenile court which were introduced showed that the defendant had made substantial payments on the child support award.

The trial court found, "That the two children of the parties are not in such circumstances as to demand any extraordinary action by this court, but, on the contrary, it is clear that at the present and for the past 9 or 10 years, except the year 1966, when there was other litigation between the parties, the father has substantially made his child support payments and complied with the order of the court. . . The evidence disclosed that the wife has not co-operated with the father in most respects. She has moved the children from State to State (Georgia, Alabama and Florida) and to different places within the States without notifying the father and without furnishing him addresses so that he could exercise his rights under the court's order for reasonable visitation. The changes of the domicile of the children have not been shown to be for the benefit or welfare of the children. The father has not paid the amount per week ordered by the court, but did make substantial payments over the years. It is therefore considered, ordered and adjudged that the defendant is not in contempt and the citation for contempt is hereby dismissed."

"In *Warner v. Martin*, 124 Ga. 387, 392 (52 SE 446, 4 AC 180), it was said: 'It is too well settled to need citation of authority that the decision of a judge on the question of contempt will not be disturbed by the Supreme Court, except in a case where such discretion has been grossly abused.' And more recently in the case of *Corriher v. McElroy*, 209 Ga. 885 (3) (76 SE2d 782), we again said that this court will not interfere with the discretion of the trial judge in contempt proceedings, unless he has abused his discretionary power. In *Corriher's* case it was also held that there must be a wilful disobedience of the court's decree or judgment by the offending party before he is in contempt of the court and can be so adjudged. And in cases where the judge has discharged a rule nisi and ruled that the defendant was not in contempt, as the judge did in this case, this court will still more reluctantly interfere. *Wikle v. Silva*, 70 Ga. 717 (3)." *Yancey v. Mills*, 210 Ga. 684 (1) (82 SE2d 505).

Since "Imprisonment for contempt is always conditional and is a matter solely within the sound discretion of the judge, and he may at any time, in the exercise of that discretion, discharge one so imprisoned" (*McCullough v. McCullough*, 208 Ga. 776, 778 (69 SE2d 764)), this court will not "interfere with the discretion vested in the trial judge unless it has been manifestly abused." *Burch v. Kenmore*, 206 Ga. 277, 279 (56 SE2d 508); *Corriher v. McElroy*, 209 Ga. 885, supra.

Although the denial of visitation rights does not justify the refusal to hold a defendant in contempt for failure to pay alimony (*Jagoe v. Jagoe*, 183 Ga. 273, 274 (187 SE 874); *Taylor v. Taylor*, 216 Ga. 767, 769 (119 SE2d 571)), the admission of such evidence in this instance was not error.

Under the circumstances of this case, this court will not interfere with the discretion of the trial judge. *Yancey v. Mills*, 210 Ga. 684, supra.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 8, 1970—DECIDED JULY 9, 1970.

*Rogers, Magruder & Hoyt, Frank H. Jones,* for appellant.
*Clary & Kent, Horace Clary, Harl C. Duffey, Jr.,* for appellee.