47806. BRADFORD v. KLINE.

DEEN, Judge. Richard Kline, husband of the mother of the minor involved and whose custody had been placed in her by a divorce decree dated February 25, 1970, filed a petition to adopt the infant. Bradford, the natural father, was served with a copy and appended order dated June 7, 1972, setting the hearing for 10:00 a.m., September

18, 1972. The hearing was held, evidence was heard, an answer was filed, and an order granting the petition was entered up, all on September 18, but whether the answer was filed before or after the hearing an order on that day does not appear, nor is there any transcript of the testimony.

From the defendant's answer it appears that he refused to make weekly payments for child support as ordered in the divorce decree on the ground that he was being denied visitation rights. A denial of visitation rights does not justify the refusal to hold a defendant in contempt of court for failure to pay alimony. *Jagoe v. Jagoe,* 183 Ga. 273, 274 (187 SE 874); *Atwell v. Hill,* 226 Ga. 560, 563 (176 SE2d 60). Accordingly it certainly cannot be said that it would as a matter of law excuse the husband from making payments for child support so as to remove him from the provision of *Code Ann.* § 74-403 (2) which provides that the consent of a parent who has wilfully and wantonly failed to comply with a support order for a period of 12 months or longer loses the right to object to an adoption without his consent. There being no transcript of the evidence we must assume that the failure to pay, which the defendant admits was intentional, was wilful and wanton within the meaning of the statute.

The sole enumeration of error in this case is the failure of the trial judge, when on June 7, 1972, he signed an order setting the date for the adoption hearing as September 18, to "specify the last date for filing objections thereto." *Code Ann.* § 74-414, which had previously specified that any "person objecting to the entry of a final order of adoption shall file such objections in writing prior to the date assigned for a hearing" was changed by Ga. L. 1971, p. 403, to provide: "Any person objecting to the entry of a final order of adoption shall file such objection in writing at least 10 days prior to the date assigned for hearing and the last date for filing objections shall be included in the order assigning the appli-

cation for a hearing." This is not a jurisdictional requirement because the Code section also states that the court must proceed to a full hearing on the petition and examination of the parties at interest, with the right of adjourning the hearing and examination from time to time as the nature of the case may require. Even if Bradford's lawyer was retained, as the brief states, less than ten days before the hearing, it is clear that if any good ground for objection existed a continuance or adjournment might have been requested for the purpose of presenting it. Had this been done, and had the trial court then refused, the case before us would stand in a different posture. As it is, although the trial court failed to put a date for filing objections in the order as the law requires, the defendant had over three months to consult with counsel and to ascertain that objections should be filed at least ten days prior to a hearing. No good reason for denying the adoption appears from the record before us, nor any attempt to obtain time to place such objections before the trial court. The hearing was in fact held, and the defendant does not complain that he was unaware of it. The notice of appeal states that he was denied the right "to present evidence and be heard on an answer" but, as stated above, the answer merely contends that the defendant stopped making child support payments because his visitation privileges were being denied and this fact alone, nothing more appearing, would not relieve him of the obligation to support, failure to perform which removes his right to object to an adoption on the ground that it is without his consent. It follows that no reversible error appears.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*
SUBMITTED JANUARY 3, 1973—DECIDED JANUARY 23, 1973.

*D. W. Slone,* for appellant.
*Elsie H. Griner,* for appellee.