## 32710. HASTY v. DUNCAN.

BOWLES, Justice.

This is an appeal from an order of the Superior Court of DeKalb County eliminating the award of child support theretofore paid by appellee following the court's order changing custody of the parties' minor child from the appellant to the appellee.

The parties were formerly husband and wife. In August, 1974, they were granted a divorce. The final decree of divorce awarded custody of the minor daughter to the appellant and ordered the appellee to pay child support. Upon reaching the age of 14, the child expressed her desire to live with her father. Consequently, he brought a petition for change of custody wherein he prayed that permanent custody and control of the minor child be awarded to him, and in addition thereto, prayed that child support payments presently paid to the appellant be terminated contemporaneous with the custody change.

The wife filed her answer, stating that if it was the child's desire to live with her father, she would not contest that issue. However, the wife prayed that the court make a complete accounting respecting child support payments in arrears and further prayed that she be awarded reasonable attorney fees for her legal expenses in defense of the proceedings.

Subsequent to the filing of her answer, the wife filed a demand for a trial by jury on the issue concerning the reduction of child support and filed a "plea to jurisdiction of subject matter" alleging that an action for reduction of child support could not be joined in a petition for change of child custody. Upon hearing, the trial court changed

custody of the minor child to the appellee, ordered further support payments terminated as to that child and denied the other demands of the appellant. It is from that portion of the order, terminating support payments for the child, and rulings of the court denying appellant's plea to jurisdiction of the subject matter and demand for jury trial that the appellant now appeals. We affirm.

It is appellant's contention that Code Ann. § 30-220 et seq. controls the procedure by which support obligations for a child can be modified and that, therefore, the court erred in denying her demand for jury trial and in failing to consider evidence regarding the change in the husband's financial income and status.

Code Ann. § 30-220, entitled *"Revision* of judgment for permanent alimony," provides in pertinent part that "(a). . . The judgment of a court providing permanent alimony for the support of a child or children shall be subject to *revision* upon petition filed by either spouse showing a change in the income and financial status of the husband. . . After hearing both parties and the evidence, the jury, or the judge where a jury is not demanded, by either party, may *modify and revise* the previous judgment so as to provide for the wife or child or children, or both, . . . in accordance with the changed income and financial status of the husband in the case of permanent alimony for the support of a child or children, if such a change in the income and financial status is satisfactorily proved, so as to warrant such *modification and revision.* In the hearing upon a petition filed as provided herein, testimony may be given and evidence introduced relative to the income and financial status of either spouse." (Emphasis supplied.)

Appellee contends, and we agree, that Code Ann. § 30-220 has no application in situations where child support payments are *terminated* contemporaneous to a change of custody from the mother to the father. Termination of support payments by the father upon his obtaining custody of the minor child is not classified as a "modification and revision" of child support and thus Code Ann. § 30-220 does not apply. *Bodrey v. Bodrey,* 224 Ga. 348 (161 SE2d 864) (1968). "It would be incongruous to require [the father] to continue paying the mother for

[the child's] support while he, [the] custodian was supporting [the child]." *Northcutt v. Northcutt,* 220 Ga. 245 (138 SE2d 377) (1964). Having said Code Ann. § 30-220 does not apply where child support payments are terminated contemporaneous with a change in custody, we also conclude that in such cases Code Ann. § 30-223, which provides for attorney fees to the wife for defending such an action, would not apply. The court did not err in denying appellant's prayer for attorney fees. See *Peacock v. Adams,* 230 Ga. 774 (199 SE2d 254).

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 20, 1977 — DECIDED SEPTEMBER 28, 1977.

*Glenville Haldi,* for appellant.
*Gene Burkett,* for appellee.

*Judgment affirmed. All the Justices concur.*

