## 56203. JOINER v. SMITH.

BIRDSONG, Judge.

This case involves alleged procedural irregularities in an adoption proceeding. The facts show that appellant and his ex-wife were divorced in 1969 with custody of their minor child granted to the mother. The mother subsequently married Smith. In 1976, an attempt was made by Smith to adopt the minor child. Appellant could not be located, thus personal service was not accomplished. Finally, on September 19, 1977, appellant having returned to this state, personal service was obtained and a hearing was set for September 23, 1977. With the consent of attorneys for both parties, the hearing was rescheduled for October 21, 1977. Thereafter, appellant's attorney obtained a continuance until December 15, 1977. On December 15, 1977, the parties appeared for the hearing but because of an irregularity in the pleadings and the absence of a reporter, the attorney for the appellant requested a further continuance which was granted without objection by appellee. Earlier that

same day, before the hearing of December 15, 1977, appellant filed objections to the adoption and at the time set for the hearing, informed the opposite party and the court that the objection had been filed. On January 12, 1978, Smith moved to dismiss the objections on the ground that they were not filed within ten days of the scheduled hearing as required by Ga. L. 1969, p. 927, as amended (Code Ann. § 74-414). A hearing was held on the motion to dismiss on January 26, 1978, and the trial court dismissed the objections on March 13, 1976. This appeal followed. *Held:*

Smith argues that the case was scheduled for hearing on September 23 and objections were not filed until December 15, a period of over 80 days; thus the objections were subject to dismissal as being untimely. Joiner argues that the order of the trial court setting the hearing did not specify the last day that objections could be filed and thus the order was procedurally deficient. He further argues that he was entitled to a hearing as a matter of due process of law.

We agree with the latter contention. The interest of a parent in the companionship, care, custody and management of his child commands a respect which is lacking when appeal is made to liberties which derive merely from procedural matters or shifting economic arrangements. Kovacs v. Cooper, 336 U. S. 77, 95 (69 SC 448, 93 LE 513). It is a cardinal principle that custody, care and nurture reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder. Prince v. Massachusetts, 321 U. S. 158, 166, 176 (64 SC 438, 88 LE 645). We concede that determination of substantial rights based upon a procedural defect is cheaper and easier than upon individualized determination. But when the procedure forecloses the determinative issues of competence and care, it needlessly risks injury to the paramount interests of both parents and child. Our law is such that Georgia parents are constitutionally entitled to a hearing on their fitness before their children are removed permanently from their control. To deny a parent seeking such a determination on a procedural defect is to deny that parent due process of

law. Stanley v. Illinois, 405 U. S. 645, 652 (92 SC 1208, 31 LE2d 551). In *Bradford v. Kline,* 127 Ga. App. 861, 862 (195 SE2d 258), this court held that the portion of Ga. L. 1971, p. 403 (Code Ann. § 74-414) stating: "Any person objecting to the entry of a final order of adoption shall file such objection in writing at least 10 days prior to the date assigned for hearing and the last date for filing objections shall be included in the order assigning the application for a hearing. . .", is not a jurisdictional requirement. That case further held at p. 863 that the Code section mandates a full hearing on the petition and an examination of the parties at interest, with the right of adjourning the hearing and examination from time to time as the nature of the case may require. Though it appears in *Bradford,* supra, that the objections were not filed apparently because 10 days' notice was not afforded the objecting parent, the court held that the important factor was the hearing. The parent was afforded his hearing and appeared therefor. This court ruled on the appropriateness of that hearing. In this case, by dismissing the objections without considering at a full hearing the merits of the objecting parent, the trial court denied Joiner due process of law. Stanley v. Illinois, supra.

Though appellee argues that the petition for adoption together with a supporting affidavit, shows that Joiner had abandoned his child by showing no interest in him from before birth until the filing of the adoption petition, it is clear that the trial court dismissed the objections based solely upon untimely filing and has not considered the merits of any question of abandonment. Therefore, neither will we consider the merits of the petition but will reverse the trial court and remand the case for a hearing on the merits of the petition for adoption.

*Judgment reversed and remanded to the trial court. Bell, C. J., and Shulman, J., concur.*

SUBMITTED JUNE 27, 1978 — DECIDED SEPTEMBER 11, 1978.

*Richard M. Cowart,* for appellant.

*Elsie H. Griner,* for appellee.