## 56569. YOUNG v. FOSTER.

BANKE, Judge.

The appellant in this adoption action, R. W. Young, appeals the judgment of the trial court finding that he had wilfully abandoned his minor child by failing to pay child support for a period of 12 months. He also appeals the trial court's grant of the petition to adopt filed by the stepfather/appellee, C. P. Foster.

1. The law in effect at the time the appellant was served, Ga. L. 1941, pp. 300, 302; 1966, pp. 212, 213; 1967, pp. 6, 7 (former Code Ann. § 74-408, repealed by Ga. L. 1977, pp. 201, 215), required that a non-resident party be served a conformed copy of the adoption petition by *registered* mail. The appellant was served by *certified* mail rather than by registered mail, and he contends the trial judge should have dismissed the petition on the ground of improper service.

The main difference between registered and certified mail is that registered mail is insured and postal officials sign for it as it moves through the various postal facilities. In each case, however, the addressee must sign to indicate his receipt of the document, and it is his signed receipt which evidences service. Thus, while service by certified mail was error, it was a harmless error and does not require a reversal of the judgment. See generally, *Carpenter v. Forshee,* 103 Ga. App. 758, 771 (120 SE2d 786) (1961). See also new Code Ann. § 74-405 (b) (substituted service may be by either registered or certified mail).

2. Mrs. Foster, the appellee's wife, was asked on direct examination to relate the contents of her 1971 divorce decree from the appellant. The trial judge upheld appellant's attorney's objections to this line of questioning. He also upheld appellant's objection to introduction of an unauthenticated copy of the divorce decree. See Code Ann. § 38-627. Appellee's attorney then

interrupted his examination of Mrs. Foster and called the appellant for cross examination. Over the repeated objections of his attorney, the trial judge permitted the appellant to be questioned about the contents of the divorce decree. The appellant enumerates as error the admission of this testimony into evidence. The appellee argues that, even if there was error, the appellant's objections were subsequently waived.

It is a long established rule of evidence that the judgment or decree itself is the highest and best evidence of its contents and that the contents cannot be proved by parol. See *James v. Kerby,* 29 Ga. 684 (1860); *Cody v. First Nat. Bank of Gainesville,* 103 Ga. 789 (30 SE 281) (1898). Thus, when a copy of the decree was offered into evidence and rejected, it was improper for the trial judge to permit the appellee to cross examine the appellant for the purpose of providing parol proof of its contents.

However, the trial judge had instructed appellant's attorney that he would have to renew each time his objections to proof of the decree by parol. Unfortunately, the attorney did not object to later questioning of Mrs. Foster as to whether the appellant had paid "the child support as ordered by the court." Furthermore, the first question he asked Mrs. Foster on cross examination concerned the contents of the decree. Her testimony was sufficient to establish that the appellant was required by order of the court to pay weekly child support in the amount of $40 and renders the trial judge's wrongful admission of similar testimony earlier in the hearing harmless error. See *State Hwy. Dept. v. Hollis,* 106 Ga. App. 669 (127 SE2d 862) (1962); 88 CJS 298, Trial, § 152 (1955).

3. Mrs. Foster was given custody of her and the appellant's three children when they divorced. The two older children later expressed a desire to live with their father and were permitted to do so. The appellant contends that the trial judge erred in refusing to permit him to introduce evidence showing that he had complied with the child support order since he spent at least $40 per week in providing support for the two older children.

There is nothing in the record to show that the appellant ever petitioned to the court to have custody of

the two older girls changed from Mrs. Foster to him. Had he done so, the court would undoubtedly have reduced the total amount of his child support obligations in order to reflect the contemporaneous change in custody. See *Hasty v. Duncan,* 239 Ga. 797 (239 SE2d 7) (1977). However, since the original divorce decree had not been legally modified, the trial judge did not err in ruling that evidence as to the appellant's expenditures for support of the two children living in his home was irrelevant and therefore inadmissible.

4. Wilful abandonment has been defined as ". . . a conscious, knowing, voluntary, intentional failure, a purpose or willingness to make the omission, rather than a mere inadvertent, accidental, involuntary, inattentive, inert, or passive omission. [Cits.]" *Carpenter v. Forshee,* 103 Ga. App. 758, 773 (120 SE2d 786) (1961). The appellant testified that he had been advised by an attorney to withhold support payments in order to force Mrs. Foster to allow him to exercise his visitation privileges and that if he had known the law, he would "have at least made one payment within the year . . . to stop this litigation." Notwithstanding the reasons for his actions, the appellant's nonpayments were intentional and constituted a voluntary abandonment as defined above. See generally *Bradford v. Kline,* 127 Ga. App. 861, (195 SE2d 258) (1973) (denial of visitation held no defense to nonpayment of child support). Accordingly, the trial judge's ruling was not error.

5. The appellant enumerates as error the trial judge's refusal to consider evidence which allegedly showed that it was not in the best interest of the child for the court to permit her adoption by the appellee.

Having abandoned his child by his wilful and wanton failure to pay court-ordered child support, the appellant's consent to the adoption was not necessary. See former Code Ann. § 74-403 (2) (repealed by similar statute, Ga. L. 1977, pp. 201, 211). *In re Almand,* 141 Ga. App. 705 (234 SE2d 347) (1977). He therefore had no standing to make objections to the adoption proceeding. See *Clark v. Buttry,* 121 Ga. App. 492 (5) (174 SE2d 356) (1970). The trial judge could have permitted the appellant, as a friend of the court, to present evidence of the appellee's lack of

character and fitness (see *Clark v. Buttry,* supra) but his failure to do so cannot be ruled reversible error. Furthermore, our review of this evidence has shown that most of it was cumulative of prior testimony. Accordingly, the trial court did not err in excluding it.

6. The appellant contends that the court should have dismissed the petition since the natural mother had not filed a consent to the adoption. Section 5 of the appellee's petition states that his wife is the child's natural mother and that she consents to the adoption. Attached to this petition is an affidavit signed by both the appellee and his wife (before a notary public) verifying the truth of the facts stated in the petition. This is sufficient to satisfy the statutory requirement under former Code Ann. § 74-403 (1) (repealed by similar statute, Ga. L. 1977, pp. 201, 203) that the consent of the living parents of a child be given in writing. See also new Code Ann. § 74-402 (Ga. L. 1977, pp. 201, 202) (stepparent may file petition to adopt stepchild alone).

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 13, 1978 — DECIDED JANUARY 23, 1979.

*Brown, Harriss, Hartman & Ruskaup, Robert J. Harriss,* for appellant.

*John W. Love, Jr.,* for appellee.