## LARRY G. STANCILL *v.* BETTE H. STANCILL

[No. 178, September Term, 1978.]

*Decided February 7, 1979.*

The cause was argued before MOYLAN, LOWE and WILNER, JJ.

*Peter Parker* and *Charles G. Page,* with whom were *White, Page & Lentz* on the brief, for appellant.

*Ronald J. Miller,* with whom were *Bregel & Bregel, Chartered* on the brief, for appellee.

MOYLAN, J., delivered the opinion of the Court.

The appellant, Larry G. Stancill (Husband), and the appellee, Bette H. Stancill (Wife), were granted an absolute divorce on December 23, 1976. The divorce decree incorporated the terms of an agreement between the Husband and Wife, dated November 5, 1976. One of the terms of the agreement and of the court decree was that the Husband would pay "permanent, non-modifiable alimony" to the Wife in the amount of $650 per month. Commencing in October, 1977, the Husband failed to make these agreed-upon payments and on November 10, 1977, the Wife petitioned for a contempt citation.

The issue ultimately came before Judge Edward D. Higinbothom in the Circuit Court for Harford County who found the Husband to be in default of alimony payments in the amount of $2,600. Judge Higinbothom's order of February 3, 1978, granted a judgment in favor of the Wife and ordered the Husband to pay the arrearage within thirty days of the date of the order. He dismissed the petition for contempt.

Although framed in the plural, all of the appellant-Husband's contentions reduce themselves essentially to one. He maintains that his support of his Wife was but one term of a contract between the two; that she breached her obligations under the contract by interfering with his visitation rights with his now 10-year-old daughter, Stacey; and that this breach of the contract on the part of the Wife operates to relieve him of his obligation.

Whether the Husband may successfully interpose as a defense that his former wife denied him his visitation privileges with his daughter, as provided for in the separation agreement which was incorporated into the divorce decree, depends upon whether the covenants to grant visitation rights and to pay support to her are mutually dependent or independent. As a general rule, the covenants of a separation agreement as to child support and child custody are considered mutually dependent — the respective promises constitute the consideration for each other. This rule is based upon the general principle of the law of contracts that the covenants and promises in a bilateral contract are mutually

dependent. Although many cases refuse to do so on the grounds of public policy or because misconduct by the wife should have no relevance insofar as the husband's obligation to support his children, there are still cases which hold that when the wife breaches the provision dealing with visitation of children, she cannot enforce the provision regarding child support *under the contract.* 24 Am.Jur.2d, *Divorce and Separation,* § 924, "— Denial of visitation or custody rights," provides, in pertinent part:

"Where the parents of a minor child execute a separation agreement or other contract which gives the mother custody of the child while the father is given visitation rights or the right to temporary custody, and the agreement also requires the father to pay child support, it has been held that the mother's unjustified refusal to allow the father to exercise his right of visitation or temporary custody is a defense to her action *on the contract* for arrears of child support which accrued while she denied his rights." (Emphasis supplied)

See also Annot., *Violation of custody or visitation provision of agreement or decree as affecting child support payment provision, and vice versa,* 95 A.L.R.2d 118, 155 § 10.

On the other hand, covenants in a separation agreement with regard to alimony or support to the wife have been deemed independent of other provisions. 24 Am.Jur.2d, *Divorce and Separation,* § 923, "Breach of agreement as a defense," provides:

"The question whether the wife's breach of the provisions of the separation agreement will constitute a defense to her action upon the agreement to enforce a provision for alimony or support is generally made to turn upon the question whether the two provisions, are dependent or independent, and the tendency of the courts seems to be to hold that provisions for alimony or support are independent of the other provisions, so that the breach is not a defense to the action."

The cases holding that the covenant in a separation agreement for payment of alimony or support to the wife is independent of other provisions involve, however, the wife's breach of a covenant not to molest her husband. See *Hughes v. Burke,* 167 Md. 472, 175 A. 335 (1934); Annot., 160 A.L.R. 471, 476, § III. Disregarding the modern tendency to view the promises in bilateral contracts as mutually dependent, the courts are apparently reluctant to relieve a husband of his support obligations for the breach of a covenant which is usually of relatively minor importance to the husband and, if serious, may be compensated in damages. Clark, *Law of Domestic Relations,* § 16.6. Where the breach by the wife, however, is of a more serious nature, the husband's support payments to his wife under the agreement may be excused:

> "If the wife's violations of the agreement are more serious, or more closely related to important marital rights, the husband's payments for her support are excused. When she violates the custody provisions of the separation agreement by refusing to allow him to visit the child, or in other ways, many cases refuse to let her recover for her own support. In this situation there is the additional element that her violation cannot possibly be measured in damages." Clark, *supra,* at p. 538.

In any event, even where the covenants of a separation agreement are interpreted as dependent and the breach of one material covenant may be interposed as a defense in a suit under the agreement, "when the provisions of a separation agreement containing such dependent covenants are incorporated into a judgment . . . as a matter of public policy they cease to be dependent." *Greene v. Greene,* 31 Misc. 2d 1009, 221 N.Y.S.2d 236 (1961). Therefore, when the covenants of a separation agreement are incorporated into a divorce decree, unless specifically so provided in the decree or separation agreement, the covenants are not mutually dependent and non-compliance with a provision by the other party is not, in itself, an absolute defense to an action to enforce the decree. See Annot., 95 A.L.R.2d 118, 131, § 5; *Comiskey v. Comiskey,* 48 Ill.App.3d 17, 366 N.E.2d 87

(1977); *Slavis v. Slavis,* 12 Ill.App.3d 467, 299 N.E.2d 413 (1973); *Phillips v. Phillips,* 73 Ga. App. 18, 35 S.E.2d 520 (1945); *Schweig v. Schweig,* 122 App. Div. 787, 107 N.Y.S. 905 (1907).

Accordingly, the court in *Rosmini v. Rosmini,* 230 N.Y.S.2d 319 (1962), found no merit in the husband's argument that his wife should be estopped from seeking arrears in alimony and child support as provided by the divorce decree because she deprived him of his right of visitation. The court stated:

> "[A]s the plaintiff is not relying upon the separation agreement and as the payments called for by the decree are not conditioned upon defendant's right of visitation as allowed therein ... the defense that there was a violation of such right either under the separation agreement or the decree is insufficient as a defense to this action." 230 N.Y.S.2d at 321.

See also *Helmbold v. Helmbold,* 217 N.Y.S. 379 (1926); *Jagoe v. Jagoe,* 183 Ga. 273, 187 S. E. 874 (1936).

The appellant seeks to make the distinction that the support payments to his former wife under the separation agreement were "non-modifiable" and, therefore, that, even though the agreement was incorporated into the divorce decree, ordinary contract principles should apply. Whatever distinction there is between alimony and support payments to the wife which may be modified and non-modifiable support and maintenance payments has no significance as far as enforcement of the support provision in the divorce decree is concerned. Once the separation agreement is incorporated into the divorce decree, the provision for support becomes a part of the decree and regardless whether the provision may be modified or not, it may be enforced under the decree through contempt proceedings. *LaChance v. LaChance,* 28 Md. App. 571, 576, 346 A. 2d 676 (1975); *Simmons v. Simmons,* 37 Md. App. 202, 376 A. 2d 1147 (1977). Absent specific language either in the agreement or in the divorce decree making the covenants to pay support to the Wife and to allow the Husband to visit the child expressly dependent on each other, the Wife's alleged denial of child visitation privileges to her former husband,

therefore, is not a complete defense to her petition for arrears in support under the decree.

The Husband complains additionally that the Wife came into court with "unclean hands." The application of the clean hands doctrine rests in the sound discretion of the court and is applied "not for the protection of the parties, but for the court's own protection." *Space Aero Products Co. v. Darling Co.,* 238 Md. 93, 120, 208 A. 2d 74, 88 (1965). We see no abuse of discretion in the court's refusal to apply the doctrine. If the Husband feels, indeed, that his former wife is denying him his visitation privileges, he has a remedy under the decree to compel observance of his visitation rights.

*Judgment affirmed; costs to be paid by appellant.*